**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re | : |
| | : CHAPTER 7 |
| WORLEY & OBETZ, INC., et al., | : |
| | : Case No. 18-13774 (REF) |
| Debtors, | : (Jointly Administered) |
| | : |
| CHRISTINE C. SHUBERT, Chapter 7 | : |
| Trustee for the Estates of Worley & Obetz, | : Adv. No. 18-00235 (REF) |
| Inc., et al. | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| **ROBERT SETH OBETZ**, an | : |
| individual; **ROBERT W. OBETZ, JR.,** | : |
| an individual; **JEFFREY B. LYONS,** an | : |
| individual; **JUDITH A. AVILEZ,** an | : |
| individual; **KAREN L. CONNELLY**, | : |
| an individual; **MARJORIE S. OBETZ**, | : |
| an individual; **MELISSA OBETZ,** an | : |
| individual; **JULIE LYONS,** an | : |
| individual; **MOLLY S. OBETZ,** an | : |
| individual; **SAMUEL J. OBETZ,** an | : |
| individual; **HOWARD W. CRAMER,** | : |
| **JR.**, an individual; **KATHLEEN A.** | : |
| **CRAMER,** an individual; **MICHELE K.** | : |
| **KLUSEWITZ, a/k/a MICHELE** | : |
| **KELLY,** an individual; **149 DOE RUN** | : |
| **ROAD, LP,** a Pennsylvania limited | : |
| partnership; **149 DOE RUN ROAD, GP,** | : |
| **LLC,** a Pennsylvania limited liability | : |
| company; **202 GREENFIELD, LP,** a | : |
| Pennsylvania limited partnership; **202** | : |
| **GREENFIELD GENERAL, LLC,** a | : |
| Pennsylvania limited liability company; | : |
| **535 STIEGEL VALLEY ROAD, LLC,** | : |
| a Pennsylvania limited liability company; | : |
| **DOE RUN ROAD, LLC,** a Pennsylvania | : |
| limited liability company; **OL** | : |
| **PARTNERS, LLC,** a Pennsylvania | : |
| limited liability company; **G-FORCE** | : |

**SPORTFISHING, INC.,** a Delaware
corporation; **JW BISHOP
PROPERTIES, LLC,** a Pennsylvania
limited liability company; **LYONS &
OBETZ**, a Pennsylvania general
partnership; **JSB RETENTION, LLC**, a
Pennsylvania limited liability company;
**SETH ENERGY, LLC,** a Pennsylvania
limited liability company; and **SHIPLEY
ENERGY COMPANY**, a Pennsylvania
corporation;

                     Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

## DEFENDANTS JEFFREY B. LYONS' AND JULIE LYONS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Jeffrey B. Lyons and Julie Lyons ("Defendants"), by and through their counsel,

Kaufman, Dolowich & Voluck LLP, hereby respond to Plaintiff's First Amended Complaint as

follows.

## PRELIMINARY STATEMENT

1.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to

the Constitution of the United States, declines to respond to the allegations in this paragraph on

the grounds that he may be a witness against himself, and the undersigned counsel asks that a

denial of the allegations in this paragraph be entered as a matter of law, with proof thereof

demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks

sufficient knowledge or information to either admit or deny the allegations in this paragraph, which

are therefore denied, and Plaintiff is left to her proofs.

2.    Denied.  The allegations in this paragraph are conclusions of law to which no

response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising

his rights under the Fifth Amendment to the Constitution of the United States, declines to respond

to the allegations in this paragraph on the grounds that he may be a witness against himself, and

the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

3.      Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

4.      Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

5.      Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and

the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

6.      Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

## JURISDICTION AND VENUE

7.      Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

8.      Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

9.      Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

**BACKGROUND**

10.     Admitted, upon information and belief.

11.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

12.     Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based upon a document, the content of which speaks for itself.

**THE PARTIES**

13.     Admitted, upon information and belief.

14.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

15.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

16.     Defendants admit only that Mr. Lyons is an adult individual residing in Lancaster County, Pennsylvania, and that Mr. Lyons is the former CEO of certain Debtors and shareholder of certain Debtors.  Defendants deny the remaining allegations in this paragraph as conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

17.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

18.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

19.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

20.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

21.     Defendants admit only that Ms. Lyons is an adult individual residing in Lancaster County, Pennsylvania, and that Ms. Lyons in the wife of Mr. Lyons.  Defendants deny the remaining allegations in this paragraph as conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

22.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

23.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

24.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

25.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

26.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

27.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

28.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

29.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

30.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

31.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

32.      Defendants admit only that Seth Obetz and Jeff Lyons are managing members of Doe Run Road, LLC.  Defendants deny the remaining allegations in this paragraph as conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

33.      Defendants deny that Seth Obetz and Jeff Lyons are managing members and owners of OL Partners, LLC.  Defendants deny the remaining allegations in this paragraph as conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

34.      After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

35.      After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

36.      Defendants admit only that Seth Obetz, Jeff Lyons, Molly Obetz and Sam Obetz own one-hundred percent (100%) of the partnership interest in Lyons & Obetz.  Defendants deny the remaining allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

37.      Defendants admit only that Jeff Lyons, Seth Obetz and Bob Obetz are the sole members of JSB Retention, LLC.  Defendants deny the remaining allegations in this paragraph as conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

38.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

39.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

40.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

## STATEMENT OF FACTS

### A.     Background of Debtors' Businesses

41.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

42.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

43.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

44.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

45. Defendants admit only that W&O's officers included the following persons: (1) Seth Obetz, Vice President, (2) Bob Obetz, Chairman, (3) Mr. Lyons, Chief Executive Officer, and (4) Ms. Connelly, Secretary (until 2015), and (5) Ms. Avilez, Secretary (beginning in 2016). Defendants deny the remaining allegations in this paragraph, and Plaintiff is left to her proofs.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

51. After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

52. After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

53. After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

54. After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

55.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

56.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

57.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

**B.**     **Events Leading to Bankruptcy**

58.     Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

59.     Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit

or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

60.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

61.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

**C.**    **The Primary Scheme**

62.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

63.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

64.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof

demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks

sufficient knowledge or information to either admit or deny the allegations in this paragraph, which

are therefore denied, and Plaintiff is left to her proofs.

65.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to

the Constitution of the United States, declines to respond to the allegations in this paragraph on

the grounds that he may be a witness against himself, and the undersigned counsel asks that a

denial of the allegations in this paragraph be entered as a matter of law, with proof thereof

demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks

sufficient knowledge or information to either admit or deny the allegations in this paragraph, which

are therefore denied, and Plaintiff is left to her proofs.

66.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to

the Constitution of the United States, declines to respond to the allegations in this paragraph on

the grounds that he may be a witness against himself, and the undersigned counsel asks that a

denial of the allegations in this paragraph be entered as a matter of law, with proof thereof

demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks

sufficient knowledge or information to either admit or deny the allegations in this paragraph, which

are therefore denied, and Plaintiff is left to her proofs.

67.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to

the Constitution of the United States, declines to respond to the allegations in this paragraph on

the grounds that he may be a witness against himself, and the undersigned counsel asks that a

denial of the allegations in this paragraph be entered as a matter of law, with proof thereof

demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks

sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

68.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.  By way of further response, the allegations in this paragraph are based on a document, the content of which speaks for itself.

69.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

70.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

71.     Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks

14

sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

72.     Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  Defendant, Julie Lyons, denies the allegations in this paragraph as conclusions of law to which no response is required.  To the extent a response is required, Defendant, Julie Lyons, denies the allegations, and Plaintiff is left to her proofs.

**D.      The Failure of Management and Directors**

73.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

74.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter

of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

75.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

E.     **Additional Fraudulent Actions, Dereliction of Duties, and Preferential and Fraudulent Transfers**

76.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

77.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond

to the allegations in this paragraph on the grounds that he may be a witness against himself, and

the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter

of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant,

Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in

this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

## **Lyons & Obetz**

78.     Admitted upon information and belief.

79.     Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to

the Constitution of the United States, declines to respond to the allegations in this paragraph on

the grounds that he may be a witness against himself, and the undersigned counsel asks that a

denial of the allegations in this paragraph be entered as a matter of law, with proof thereof

demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks

sufficient knowledge or information to either admit or deny the allegations in this paragraph, which

are therefore denied, and Plaintiff is left to her proofs.

80.     Defendant, Jeffrey B.  Lyons, declines to respond to the allegations in this

paragraph on the grounds that he may be a witness against himself, and the undersigned counsel

asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof

thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks

sufficient knowledge or information to either admit or deny the allegations in this paragraph, which

are therefore denied, and Plaintiff is left to her proofs.

81.     Denied.  The allegations in this paragraph are conclusions of law to which no

response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising

his rights under the Fifth Amendment to the Constitution of the United States, declines to respond

to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

82.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

83.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

84.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof

demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks

sufficient knowledge or information to either admit or deny the allegations in this paragraph, which

are therefore denied, and Plaintiff is left to her proofs.

85.     Denied.  The allegations in this paragraph are conclusions of law to which no

response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising

his rights under the Fifth Amendment to the Constitution of the United States, declines to respond

to the allegations in this paragraph on the grounds that he may be a witness against himself, and

the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter

of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant,

Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in

this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

86.     Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to

the Constitution of the United States, declines to respond to the allegations in this paragraph on

the grounds that he may be a witness against himself, and the undersigned counsel asks that a

denial of the allegations in this paragraph be entered as a matter of law, with proof thereof

demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks

sufficient knowledge or information to either admit or deny the allegations in this paragraph, which

are therefore denied, and Plaintiff is left to her proofs.

87.     Denied.  The allegations in this paragraph are conclusions of law to which no

response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising

his rights under the Fifth Amendment to the Constitution of the United States, declines to respond

to the allegations in this paragraph on the grounds that he may be a witness against himself, and

the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter

of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

88.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

89.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

90.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks

sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

91.     Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

92.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required,  Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

93.     Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks

sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

94.     Denied.   The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required,  Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

### 40127 Fenwick Avenue, Fenwick Island, Delaware

95.     Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

96.     Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks

sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

97.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

98.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

99.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant,

Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

### 202 Greenfield Road, Manheim, Pennsylvania

100.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

101.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

102.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

103.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

104.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

105.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

106.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

107.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

108.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

109.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

### **Doe Run Road, LLC**

110.    Admitted.

111.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

112.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks

sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

113.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

114.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

115.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

116.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

117.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

118.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

119.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising

his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial. After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

120.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial. After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

121.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial. After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

## **1075 White Oak Road, Manheim, Pennsylvania**

122.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

123.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

124.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

125.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

126.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

## **149 Doe Run Road, LP**

127.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

128.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

129.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

130.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

131.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

132.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

133.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

## JW Bishop Properties LLC

134.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

135.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

136.     Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

137.     Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

138.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

139.     Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

140.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

141.     After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

142.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond

to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

### 211 South Charlotte Street, Manheim, Pennsylvania

143.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

144.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

145.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

146.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

### 535 Stiegel Valley Road, Manheim, Pennsylvania

147.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

148.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

149.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

150.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

151.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

152.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

### G-Force Sportfishing, Inc.

153.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

154.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

155.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

156.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

157.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

158.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

159.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

160.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

161.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

162.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

### Bay House

163.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

164.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

165.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

166.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

### 469 Mountain Boulevard, Wernersville, Pennsylvania

167.    Denied.

168.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks

sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

169.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

170.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

## Captive Insurance Scheme

171.    Admitted.

172.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a

denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

173.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

174.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

175.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks

sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

## **Seth Energy, LLC**

176.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

177.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

178.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

179.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

180.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

181.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

182.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

183.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

### Share Repurchases

184.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

185.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

186.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

187.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

188.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

**Molly's Convenience Store**

189.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

190.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

191.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

192.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

193.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

194.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

195.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

196.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

197.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

198.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

199.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

200.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

201.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

202.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

203.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

204.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

205.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

206.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

207.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

208.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

209.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

210.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

211.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

212.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

213.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

214.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

215.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

216.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

217.    After reasonable investigation, Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

218.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

219.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

220.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

221.    After reasonable investigation, Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

222.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

223.    After reasonable investigation, Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

224.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

225.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

226.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

227.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

228.    After reasonable investigation, Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

229.    After reasonable investigation, Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

230.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

231.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

232.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

233.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

234.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

235.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

236.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

237. After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

238.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

239.    After reasonable investigation, Defendants lack sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

240.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

241.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

242.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

**F.**    **Debtors' Taxes**

243.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  Defendant, Julie Lyons, denies the allegations in this paragraph as conclusions of law to which no response is required.  To the extent a response is required, Defendant, Julie Lyons, denies the allegations, and Plaintiff is left to her proofs.

244.    Defendants neither admit nor deny the allegations in this paragraph, as these allegations are based on a document, the content of which speaks for itself.

245.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

**COUNT I – Against Mr. Lyons and the Co-Conspirators**

**FRAUD**

246.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

247.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and

the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

248.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

249.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

250.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond

to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

251.   Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

252.   Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

253.   Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising

his rights under the Fifth Amendment to the Constitution of the United States, declines to respond

to the allegations in this paragraph on the grounds that he may be a witness against himself, and

the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter

of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant,

Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in

this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that

judgment be entered in their favor and the Complaint be dismissed with prejudice.

**COUNT II – Against Mr. Lyons and the Co-Conspirators**

**CIVIL CONSPIRACY TO COMMIT FRAUD**

254.    Defendants herein incorporate by reference each and every response above as

though the same were set forth at length.

255.    Denied.  The allegations in this paragraph are conclusions of law to which no

response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising

his rights under the Fifth Amendment to the Constitution of the United States, declines to respond

to the allegations in this paragraph on the grounds that he may be a witness against himself, and

the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter

of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant,

Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in

this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

256.    Denied.  The allegations in this paragraph are conclusions of law to which no

response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising

his rights under the Fifth Amendment to the Constitution of the United States, declines to respond

to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

257.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT III – Against the D&O Defendants

### BREACH OF FIDUCIARY DUTY

258.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

259.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

260.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

261.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

262.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required,  Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

263.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

264.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

265.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

266.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

267.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and

the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT IV – Against the D&O Defendants

### AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

268.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

269.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

270.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

271.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising

his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

272.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

273.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT V – Against the D&O Defendants and the Co-Conspirators

### NEGLIGENCE

274.     Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

275.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

276.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

277.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

278.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

279.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

280.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT VI – Against the D&O Defendants and Co-Conspirators

### NEGLIGENT MISREPRESENTATION

281.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

282.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

283.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant,

Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

284.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

285.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

286.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

287.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising

his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial. After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

288. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial. After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

289. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial. After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT VII – Against the D&O Defendants and Co-Conspirators

### CIVIL CONSPIRACY

290.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

291.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

292.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

293.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required,  Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

**COUNT VIII – Against 202 Greenfield LP**

**BREACH OF THE 202 GREENFIELD LP PROMISSORY NOTE**

294.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

295-297.   The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

Case 18-00235-mdc   Doc 95   Filed 04/04/19   Entered 04/04/19 17:48:28   Desc Main
Document      Page 61 of 113

## COUNT IX – Against JW Bishop Properties, LLC

### BREACH OF THE JW BISHOP PROMISSORY NOTE

298.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

299-301. The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required. To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

### COUNT X – Against All Defendants

### UNJUST ENRICHMENT

302.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

303.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

304.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising

his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

305.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  To the extent a response is required, Defendant, Julie Lyons, denies the allegations, and Plaintiff is left to her proofs.

306.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  To the extent a response is required, Defendant, Julie Lyons, denies the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## <u>COUNT XI– Against All Defendants</u>

## CONVERSION

307.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

308.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  To the extent a response is required, Defendant, Julie Lyons, denies the allegations, and Plaintiff is left to her proofs.

309.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required,  Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  To the extent a response is required, Defendant, Julie Lyons, denies the allegations, and Plaintiff is left to her proofs.

310.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter

of law, with proof thereof demanded at the time of trial.  To the extent a response is required, Defendant, Julie Lyons, denies the allegations, and Plaintiff is left to her proofs.

311.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required,  Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  To the extent a response is required, Defendant, Julie Lyons, denies the allegations, and Plaintiff is left to her proofs.

312.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  To the extent a response is required, Defendant, Julie Lyons, denies the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XII – Against Seth Obetz

## AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547

313.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

314-324.    The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required. To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XIII – Against Seth Obetz

## AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)

325.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

326-335.    The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required. To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XIV– Against Seth Obetz

## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5104 OF PUVTA AND 11 U.S.C. § 544

336.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

337-348.    The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XV– Against Seth Obetz

## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5105 OF PUVTA AND 11 U.S.C. § 544

349.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

350-360.        The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XVI – Against Bob Obetz

## AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547

361.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

362-372.    The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XVII – Against Bob Obetz

## AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)

373. Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

374-383.   The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XVIII– Against Bob Obetz

### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5104 OF PUVTA AND 11 U.S.C. § 544

384.   Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

385-396.     The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XIX– Against Bob Obetz

### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5105 OF PUVTA AND 11 U.S.C. § 544

397.   Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

398-408.     The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required. To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XX– Against Jeff B. Lyons

## AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547

409.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

410.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

411.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

412.    Denied.    The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

413.    Denied.    The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

414.    Denied.    The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant,

Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

415.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

416.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

417.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant,

Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

418.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

419.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

420.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter

of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant,

Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in

this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that

judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XXI – Against Jeff B. Lyons

### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)

421.     Defendants herein incorporate by reference each and every response above as

though the same were set forth at length.

422.     Denied.  The allegations in this paragraph are conclusions of law to which no

response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising

his rights under the Fifth Amendment to the Constitution of the United States, declines to respond

to the allegations in this paragraph on the grounds that he may be a witness against himself, and

the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter

of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant,

Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in

this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

423.     Denied.  The allegations in this paragraph are conclusions of law to which no

response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising

his rights under the Fifth Amendment to the Constitution of the United States, declines to respond

to the allegations in this paragraph on the grounds that he may be a witness against himself, and

the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter

of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant,

Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

424.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

425.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

426.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks

sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

427.   Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

428.   Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

429.   Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter

of law, with proof thereof demanded at the time of trial. After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

430.    Denied.    The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

431.    Denied.    The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## <u>COUNT XXII– Against Jeff B. Lyons</u>

## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5104 OF PUVTA AND 11 U.S.C. § 544

432.     Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

433.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

434.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

435.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond

to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

436.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

437.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

438.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond

to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

439.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

440.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

441.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising

his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

442.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

443.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

444.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising

his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XXIII– Against Jeff B. Lyons

### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5105 OF PUVTA AND 11 U.S.C. § 544

445.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

446.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

447.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond

to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

448.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

449.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

450.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond

to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

451.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

452.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

453.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising

his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

454.   Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

455.   Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

456.   Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising

his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XXIV – Against Molly Obetz

### AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547

457.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

458-468.    The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required. To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XXV – Against Molly Obetz

### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)

469.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

470-479.   The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required. To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XXVI– Against Molly Obetz

### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5104 OF PUVTA AND 11 U.S.C. § 544

480.   Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

481-492.    The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XXVII– Against Molly Obetz

### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5105 OF PUVTA AND 11 U.S.C. § 544

493.   Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

494-504.    The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required. To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XXVIII – Against Sam Obetz

### AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547

505.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

506-516.      The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.   To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XXIX – Against Sam Obetz

### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548(a)

517.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

518-527.      The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XXX– Against Sam Obetz

### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5104 OF PUVTA AND 11 U.S.C. § 544

528.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

529-540.       The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XXXI– Against Sam Obetz

### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5105 OF PUVTA AND 11 U.S.C. § 544

541.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

542-552.       The allegations in these paragraphs of the Complaint are not directed to Defendant, and no response is required. To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XXXII– Against 202 Greenfield, LP & 202 Greenfield General, LLC AVOIDANCE

### OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547

553.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

554-564.       The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XXXIII – Against 202 Greenfield, LP & 202 Greenfield General, LLC

### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)

565.       Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

566-575.       The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XXXIV– Against 202 Greenfield, LP & 202 Greenfield General, LLC

### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5104 OF PUVTA AND 11 U.S.C. § 544

576.       Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

577-588.   The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

**COUNT XXXV– Against 202 Greenfield, LP & 202 Greenfield General, LLC**

**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5105 OF PUVTA AND 11 U.S.C. § 544**

589.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

590-600.    The allegations in these paragraphs of the Complaint are not directed to Defendant, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

**COUNT XXXVI – Against 535 Stiegel Valley Road, LLC**

**AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547**

601.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

602-613.    The allegations in these paragraphs of the Complaint are not directed to Defendant, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

**COUNT XXXVII – Against 535 Stiegel Valley Road, LLC**

**AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)**

614.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

615-624.   The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XXXVIII– Against 535 Stiegel Valley Road, LLC

### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5104 OF PUVTA AND 11 U.S.C. § 544

625.   Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

626-637.     The allegations in these paragraphs of the Complaint are not directed to Defendant, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XXXIX– Against 535 Stiegel Valley Road, LLC

### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5105 OF PUVTA AND 11 U.S.C. § 544

638.   Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

639-649.     The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

**COUNT XL – Against Doe Run Road, LLC**

**AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547**

650.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

651-662.    The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

**COUNT XLI – Against Doe Run Road, LLC**

**AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548(a)**

663.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

664-673.    The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XLII– Against Doe Run Road, LLC

### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5104 OF PUVTA AND 11 U.S.C. § 544

674.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

675-686.    The allegations in. these paragraphs of the Complaint are not directed to Defendants, and no response is required.   To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XLIII– Against Doe Run Road, LLC

### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5105 OF PUVTA AND 11 U.S.C. § 544

687.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

688-698.    The allegations in these paragraphs of the Complaint are not directed to Defendants and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XLIV – Against G-Force Sportsfishing, Inc.

### AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547

699.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

700-711.      The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XLV – Against G-Force Sportsfishing, Inc.

### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548(a)

712.      Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

713-722.      The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XLVI– Against G-Force Sportsfishing, Inc.

### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5104 OF PUVTA AND 11 U.S.C. § 544

723.      Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

724-735.      The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XLVII– Against G-Force Sportsfishing, Inc.

### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5105 OF PUVTA AND 11 U.S.C. § 544

736.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

737-747.   The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XLVIII – Against Lyons & Obetz

### AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547

748.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

749-760.       The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT XLIX – Against Lyons & Obetz

### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548(a)

761.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

762-771.        The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT L– Against Lyons & Obetz

## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5104 OF PUVTA AND 11 U.S.C. § 544

772.        Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

773-784.        The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT LI Against Lyons & Obetz

## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5105 OF PUVTA AND 11 U.S.C. § 544

785.        Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

786-796.        The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

### COUNT LII – Against Shipley Energy Company

### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548(a)

797.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

798-807.    The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the omplaint be dismissed with prejudice.

### COUNT LIII – Against Seth Energy LLC

### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548(a)

808.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

809-818.    The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT LIV – Against All Defendants

## RECOVERY OF FRAUDULENT TRANSFERS PURSUANT
## TO PUVTA AND BANKRUPTCY CODE § 544

819.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

820.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  To the extent a response is required, Defendant, Julie Lyons, denies the allegations, and Plaintiff is left to her proofs.

821.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial. To the extent a response is required, Defendant, Julie Lyons, denies the allegations, and Plaintiff is left to her proofs.

822.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter

of law, with proof thereof demanded at the time of trial. To the extent a response is required, Defendant, Julie Lyons, denies the allegations, and Plaintiff is left to her proofs.

823. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial. To the extent a response is required, Defendant, Julie Lyons, denies the allegations, and Plaintiff is left to her proofs.

824. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial. To the extent a response is required, Defendant, Julie Lyons, denies the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT LV - Against 149 Doe Run Road, LP

### TURNOVER PURSUANT TO 11 U.S.C. § 542

825. Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

826-837.      The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT LVI - Against 202 Greenfield, LP

### TURNOVER PURSUANT TO 11 U.S.C. § 542

838.      Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

839-850.      The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.   To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT LVII - Against Doe Run Road, LLC

### TURNOVER PURSUANT TO 11 U.S.C. § 542

851.      Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

852-863.      The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.   To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT LVIII - Against G-Force Sportsfishing, Inc.

### TURNOVER PURSUANT TO 11 U.S.C. § 542

864.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

865-876.        The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT LIX - Against JW Bishop Properties, LLC

### TURNOVER PURSUANT TO 11 U.S.C. § 542

877.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

878-889.        The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.   To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT LX - Against Lyons & Obetz

### TURNOVER PURSUANT TO 11 U.S.C. § 542

890.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

891-902.    The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT LXI - Against Seth Obetz

### TURNOVER PURSUANT TO 11 U.S.C. § 542

903.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

904-913.    The allegations in these paragraphs are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT LXII - Against Bob Obetz

### TURNOVER PURSUANT TO 11 U.S.C. § 542

914.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

915-924.    The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## <u>COUNT LXIII - Against Jeff Lyons</u>

### TURNOVER PURSUANT TO 11 U.S.C. § 542

925.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

926.    Defendants neither admit nor deny the allegations in this paragraph, as they are based on a document, the content of which speaks for itself.

927.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

928.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

929.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

930.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

931.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  Defendant, Julie Lyons, denies the allegations in this paragraph as

conclusions of law to which no response is required. To the extent a response is required, Defendant, Julie Lyons, denies the allegations, and Plaintiff is left to her proofs.

932. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

933. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

934. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

935. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

**COUNT LXIV - Against Seth Obetz, Melissa Obetz, Jeff Lyons, Julie Lyons, Mr. Cramer, Ms. Cramer, Ms. Kelly, 149 Doe Run Road, LP, 202 Greenfield, LP, 535 Stiegel Valley Road, LLC, Doe Run Road, LLC, JW Bishop Properties, LLC & Lyons & Obetz**

**TURNOVER PURSUANT TO 11 U.S.C. § 542**

936. Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

937. Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on

the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

938.   Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

939.   Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

940.   Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  After reasonable investigation, Defendant, Julie Lyons, lacks sufficient knowledge or information to either admit or deny the allegations in this paragraph, which are therefore denied, and Plaintiff is left to her proofs.

941.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.   To the extent a response is required, Defendant, Julie Lyons, denies the allegations, and Plaintiff is left to her proofs.

942.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.   To the extent a response is required, Defendant, Julie Lyons, denies the allegations, and Plaintiff is left to her proofs.

943.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

944.    Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  Defendant, Julie Lyons, denies the allegations in this paragraph as

conclusions of law to which no response is required.   To the extent a response is required, Defendant, Julie Lyons, denies the allegations, and Plaintiff is left to her proofs.

945.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.   To the extent a response is required, Defendant, Julie Lyons, denies the allegations, and Plaintiff is left to her proofs.

946.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.   To the extent a response is required, Defendant, Julie Lyons, denies the allegations, and Plaintiff is left to her proofs.

947.    Denied.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.   To the extent a response is required, Defendant, Julie Lyons, denies the allegations, and Plaintiff is left to her proofs.

948.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant, Jeffrey B. Lyons, exercising his rights under the Fifth Amendment to the Constitution of the United States, declines to respond to the allegations in this paragraph on the grounds that he may be a witness against himself, and the undersigned counsel asks that a denial of the allegations in this paragraph be entered as a matter of law, with proof thereof demanded at the time of trial.  To the extent a response is required, Defendant, Julie Lyons, denies the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT LXV– Against Seth Obetz

### ENFORCEMENT OF THE AUTOMATIC STAY
### PURSUANT TO 11 U.S.C. §§ 362(A)(1) AND 362(A)(3)

949.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

950-961.    The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.   To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

## COUNT LXVI – Against Seth Obetz

### BREACH OF LEASE AGREEMENT

962.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

963-970.    The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

### COUNT LXVII – Against Seth Obetz

### DECLARATORY JUDGMENT OF OWNERSHIP OF MOLLY'S AND THE PROPERTY LOCATED AT MOLLY'S

971.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

972-983.    The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

### COUNT LXVIII– Against Seth Obetz

### UNJUST ENRICHMENT (IN THE ALTERNATIVE TO COUNT LXVI)

984.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

985-988.    The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.  To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

**COUNT LXIX - Against Seth Obetz, Shipley Energy, and Seth Energy**

**VIOLATION OF PENNSYLVANIA UNIFORM**
**TRADE SECRETS ACT ("PUTSA"), 12 Pa. C.S.A. §§ 5301, et seq.**

989.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

990-995.    The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.   To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

**COUNT LXX– Against Seth Obetz, Shipley Energy, and Seth Energy**

**TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**

996.    Defendants herein incorporate by reference each and every response above as though the same were set forth at length.

997-999.    The allegations in these paragraphs of the Complaint are not directed to Defendants, and no response is required.   To the extent a response is required, Defendants deny the allegations, and Plaintiff is left to her proofs.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

**CROSS-CLAIM**

1.    For purposes of asserting a claim for contribution and/or indemnity against all other named Co-Defendants, Defendants, Jeffrey B. Lyons and Julie Lyons, incorporate by reference the allegations of Plaintiff's First Amended Complaint without adopting or admitting the allegations contained therein.

2.       Defendants, Jeffrey B. Lyons and Julie Lyons, hereby assert a cross-claim against Co-Defendants, Robert Seth Obetz, Robert W. Obetz, Jr., Judith A. Avilez, Karen L. Connelly, Marjorie S. Obetz, Melissa Obetz, Molly S. Obetz, Samuel J. Obetz, Howard W. Cramer, Jr., Kathleen A. Cramer, Michele K. Klusewitz, a/k/a Michele Kelly, 149 Doe Run Road, LP, 149 Doe Run Road, GP, LLC, 202 Greenfield, LP, 202 Greenfield General, LLC, 535 Stiegel Valley Road, LLC, Doe Run Road, LLC, OL Partners, LLC, G-Force Sportfishing, Inc., JW Bishop Properties, LLC, Lyons & Obetz, JSB Retention, LLC, Seth Energy, LLC and Shipley Energy Company (collectively, "Co-Defendants"), and any party hereinafter joined, and assert that should Plaintiff prevail in her claims as set forth in the Complaint, any liability on the part of Defendants, Jeffrey B. Lyons and Julie Lyons being specifically denied, it is averred that the damages were caused solely or substantially contributed to by the acts or omissions of  Co-Defendants, and any party hereinafter joined, as more fully set forth in Plaintiff's First Amended Complaint, and that Co-Defendants, and any party hereinafter joined are solely liable to Plaintiff or are jointly and severally liable with Defendants, Jeffrey B. Lyons and Julie Lyons, or are liable over to Defendants, Jeffrey B. Lyons and Julie Lyons, for all sums awarded any party and against Defendants, Jeffrey B. Lyons and Julie Lyons, for contribution and indemnity at the trial of this matter.

3.       If Plaintiff recovers any verdict against Defendants, Jeffrey B. Lyons and Julie Lyons, then Defendants, Jeffrey B. Lyons and Julie Lyons, demand judgment in the amount of the verdict or full common law and/or contractual indemnity and contribution according to the law against Co-Defendants and any party hereinafter joined.

### **AFFIRMATIVE DEFENSES**

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendants Jeffrey B. Lyons and Julie Lyons state the following affirmative defenses:

1.      Plaintiff's claims against Defendants are barred because Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted against Defendants.

2.      At all material times, Defendants did not owe a duty to the Debtors under any applicable contract, agreement, statute, code, regulation, industry standard or custom or otherwise.

3.      At all material times, Defendants did not breach any duty or right of the Debtors under any applicable contract, agreement, statute, code, regulation, industry standard or custom, or otherwise.

4.      Plaintiff's claims may be barred or limited because the Debtors failed to mitigate their claims for damages.

5.      Plaintiff is not entitled to an award of attorneys' fees, costs or interest under governing law or the facts of this case.

6.      Plaintiff is not entitled to an award of punitive damages under governing law and/or the facts of this case.

7.      The Debtors did not suffer any damages for which Defendants can be liable.

8.      Plaintiff's claims in this action may be barred by the doctrines of res judicata, collateral estoppel, payment, release, waiver and accord and satisfaction.

9.      If the Debtors suffered any damages or losses, the same being specifically denied, such damages were not caused by or related to any acts, omissions or conduct of Defendants, nor were Defendants the proximate or actual cause of any damages or losses claimed by the Debtors.

10.     If the Debtors suffered any damages or losses, the same being specifically denied, upon information and belief, such damages or losses were not proximately caused by any acts or omissions of Defendants, but rather were caused by the acts, omissions or conduct of third parties

over whom Defendants had no supervision or control, and for whose acts or omissions Defendants have no liability.

11.    In the event that Plaintiff is entitled to a recovery herein, the same being specifically denied, Defendants are entitled to a credit for any sums received from other sources for payment of any alleged damages or losses.

12.    Some or all of Plaintiff's claims in this action may be barred by the applicable statute of limitations.

13.    The transfers at issue are not avoidable because the transfers at issue were not made to or for the benefit of a creditor.

14.    The transfers at issue are not avoidable because the transfers at issue were not made for or on account of an antecedent debt owed by the Debtors before such transfers were made.

15.    The transfers at issue are not avoidable because the transfers at issue were made and accepted in good faith and for reasonably equivalent value.

16.    The transfers at issue are not avoidable because the transfers at issue were made and accepted in the ordinary course of business.

17.    The transfers at issue are not avoidable because the Debtors were not insolvent at the time the transfers or such obligations were incurred, nor did the Debtors become insolvent as a result of the transfers.

18.    The transfers at issue are not avoidable because the Debtors had no interest in the property transferred.

19.    The transfers at issue are not avoidable because the transfers did not occur within the requisite time period before the filing of the Bankruptcy Petitions.

20.    The transfers at issue are not avoidable because the transfers were not made with actual intent to delay recovery of the property.

21.    The transfers at issue are not avoidable because there exists no creditor whose claim arose before the transfers were made or the obligation to make the transfers was incurred.

22.    The transfers at issue are not avoidable because the Debtors did not act with actual intent to hinder, delay or defraud any entity or creditor.

23.    The transfers at issue are not avoidable because the transferee took for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided.

24.    Defendants reserve the right to amend this Answer, to add additional or other Affirmative Defenses, or to add other claims as they may become necessary as further investigation and developments warrant.

WHEREFORE, Defendants Jeffrey B. Lyons and Julie Lyons respectfully request that judgment be entered in their favor and the Complaint be dismissed with prejudice.

**KAUFMAN DOLOWICH & VOLUCK LLP**

*/s/Christopher J. Tellner*
Christopher J. Tellner, Esquire
*Attorneys for Defendants*
*Jeffrey B. Lyons and Julie Lyons*

Date: April 5, 2019