# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| WORLEY & OBETZ, INC., et al.,[1] | : | Case No. 18-13774 (REF) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| CHRISTINE C. SHUBERT, Chapter 7 | : | |
| Trustee for the Estate of Worley & Obetz, | : | |
| Inc., et al., | : | |
| | : | |
| Plaintiff, | : | Adv. Pro. No. 18-235 (REF) |
| | : | |
| v. | : | |
| | : | |
| ROBERT SETH OBETZ, an individual; | : | |
| ROBERT W. OBETZ, JR., an individual; | : | |
| JEFFREY B. LYONS, an individual; | : | |
| JUDITH A. AVILEZ, an individual; | : | |
| KAREN L. CONNELLY, an individual; | : | |
| MARJORIE S. OBETZ, an individual; | : | |
| MELISSA OBETZ, an individual; | : | |
| JULIE LYONS, an individual; | : | |
| MOLLY S. OBETZ, an individual; | : | |
| SAMUEL J. OBETZ, an individual; | : | |
| HOWARD W. CRAMER, JR., an | : | |
| individual; | : | |
| KATHLEEN A. CRAMER, an individual; | : | |
| 149 DOE RUN ROAD, LP, a Pennsylvania | : | |
| limited partnership; | : | |
| 149 DOE RUN ROAD, GP, LLC, a | : | |
| Pennsylvania limited partnership; | : | |
| 202 GREENFIELD, LP, a Pennsylvania | : | |
| limited partnership; | : | |

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Worley & Obetz, Inc. (6576) (Case No. 18-13774-REF); (ii) Americomfort, Inc. (7605) (Case No. 18-13775-REF); (iii) Ranck Plumbing Heating & Air Conditioning, Inc. (9625) (Case No. 18-13776-REF); (iv) Amerigreen Energy, Inc. (6284) (Case No. 18-13777-REF); (v) Advance Air, Inc. (8111) (Case No. 18-13778-REF); (vi) Amerigreen Energy Brokers, LLC (2358) (Case No. 18-13779-REF); (vii) Amerigreen Electricity, LLC (8977) (Case No. 18-13780-REF); (viii) Amerigreen Hedging Services, LLC (8549) (Case No. 18-13781-REF); (ix) Amerigreen Lubricants, LLC (7489) (Case No. 18-13782-REF); (x) Amerigreen Natural Gas, LLC (3222) (Case No. 18-13783-REF); and (xi) Amerigreen Propane, LLC (Case No. 18-13784-REF)

202 GREENFIELD GENERAL, LLC, a          :
Pennsylvania limited liability company;  :
525 STIEGEL VALLEY ROAD, LLC, a          :
Pennsylvania limited liability company   :
DOE RUN ROAD, LLC, a Pennsylvania        :
limited liability company;               :
OL PARTNERS, LLC, a Pennsylvania         :
limited liability company;               :
G-FORCE SPORTFISHING, INC., a            :
Delaware corporation;                    :
JW BISHOP PROPERTIES, LLC, a             :
Pennsylvania limited liability company;  :
LYONS & OBETZ, a Pennsylvania            :
limited liability company;               :
JSB RETENTION, LLC, a Pennsylvania       :
limited liability company;               :
SETH ENERGY, LLC, a Pennsylvania         :
limited liability company; and           :
SHIPLEY ENERGY COMPANY, a                :
Pennsylvania corporation;                :
                                         :
                    Defendants.          :
                                         :

## ANSWER OF ROBERT SETH OBETZ, MELISSA OBETZ, ROBERT W. OBETZ, JR., AND MARJORIE S. OBETZ TO THE FIRST AMENDED COMPLAINT

Defendants, Robert Seth Obetz ("Seth Obetz"), Melissa Obetz, Robert W. Obetz, Jr. ("Bob Obetz") and Marjorie S. Obetz (each individually a "Defendant" and collectively "Answering Defendants"), by and through their undersigned counsel, hereby respond to the First Amended Complaint of the Trustee as follows:

## PRELIMINARY STATEMENT

1.      The allegations of this paragraph contain conclusions of law to which no response is required. To the extent the allegations are directed to the Answering Defendants herein and are deemed averments of fact, Answering Defendants admit that Lyons and his co-conspirators misrepresented the Debtors' finances to the Answering Defendants and others. Answering

Defendants are without knowledge as to the remaining allegations, and therefore, deny same and leave Plaintiff to her proofs.

2.      The allegations of this paragraph contain conclusions of law to which no response is required.  To the extent the allegations are directed to the Answering Defendants herein and are deemed averments of fact, Answering Defendants admit only that Lyons and his co-conspirators misrepresented the Debtors' finances to the Answering Defendants and others.   Answering Defendants deny the remaining allegations.

3.      The allegations of this paragraph contain conclusions of law to which no response is required.  To the extent the allegations are directed to the Answering Defendants herein and are deemed averments of fact, Answering Defendants deny the allegations.

4.      The allegations of this paragraph contain conclusions of law to which no response is required.  To the extent the allegations are directed to the Answering Defendants herein and are deemed averments of fact, Answering Defendants deny the allegations.

5.      The allegations of this paragraph contain conclusions of law to which no response is required.  To the extent the allegations are directed to the Answering Defendants herein and are deemed averments of fact, Answering Defendants admit only that Lyons and his co-conspirators misrepresented the Debtors' finances to the Answering Defendants and others.   Answering Defendants deny the remaining allegations.

6.      The allegations of this paragraph contain conclusions of law to which no response is required.  To the extent the allegations are directed to the Answering Defendants herein and are deemed averments of fact, Answering Defendants deny the allegations.

## JURISDICTION AND VENUE

7.      Answering Defendants admit the allegations in this paragraph.

8.      Answering Defendants admit the allegations of this paragraph.

9.      The allegations of this paragraph contain conclusions of law to which no response is required.  To the extent the allegations are directed to the Answering Defendants herein and are deemed averments of fact, Answering Defendants deny the allegations and leave Plaintiff to her proofs.

## BACKGROUND

10.     Answering Defendants admit the allegations of this paragraph.

11.     Answering Defendants admit the allegations of this paragraph.

12.     Answering Defendants admit the allegations of this paragraph.

## THE PARTIES

13.     Answering Defendants admit the allegations of this paragraph.

14.     The allegations of this paragraph contain conclusions of law to which no response is required.  To the extent the allegations are directed to Defendant Seth Obetz, and are deemed averments of fact, Defendant Seth Obetz admits only that he is an adult residing at the address stated.  Defendant Seth Obetz denies the remaining allegations as stated and leaves Plaintiff to her proofs.

15.     The allegations of this paragraph contain conclusions of law to which no response is required.  To the extent the allegations are directed to Defendant Bob Obetz, and are deemed averments of fact, Defendant Bob Obetz admits only that he is an adult residing at the address stated and that he is the Father of Seth Obetz.  Defendant Bob Obetz denies the remaining allegations as stated and leaves Plaintiff to her proofs.

16.     The allegations of this paragraph are directed to a defendant other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is required,

the allegations include conclusions of law to which no response is required.  To the extent a response is required to the factual allegations, Answering Defendants admit the factual allegations.

17.     The allegations of this paragraph are directed to a defendant other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is required, the allegations include conclusions of law to which no response is required.  To the extent a response is required to the factual allegations, Answering Defendants admit the factual allegations.

18.     The allegations of this paragraph are directed to a defendant other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is required, the allegations include conclusions of law to which no response is required.  To the extent a response is required to the factual allegations, Answering Defendants admit the factual allegations.

19.     The allegations of this paragraph contain conclusions of law to which no response is required.  To the extent the allegations are directed to Defendant Marjorie S. Obetz, and are deemed averments of fact, Defendant Marjorie S. Obetz admits only that she is an adult residing at the address stated and that she is the wife of Bob Obetz.  Defendant Marjorie S. Obetz denies the remaining allegations as stated and leaves Plaintiff to her proofs.

20.     The allegations of this paragraph contain conclusions of law to which no response is required.  To the extent the allegations are directed to Defendant Melissa Obetz, and are deemed averments of fact, Defendant Melissa Obetz admits only that she is an adult residing at the address stated and that she is the wife of Seth Obetz.  Defendant Melissa Obetz denies the remaining allegations and leaves Plaintiff to her proofs.

21.     The allegations of this paragraph are directed to a defendant other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is required,

the allegations include conclusions of law to which no response is required.  To the extent a response is required to the factual allegations, Answering Defendants admit the factual allegations.

22.     The allegations of this paragraph are directed to a defendant other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is required, the allegations include conclusions of law to which no response is required.  To the extent a response is required to the factual allegations, Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

23.     The allegations of this paragraph are directed to a defendant other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is required, the allegations include conclusions of law to which no response is required.  To the extent a response is required to the factual allegations, Answering Defendants deny the allegations and leave Plaintiff to her proofs.

24.     The allegations of this paragraph are directed to a defendant other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is required, the allegations include conclusions of law to which no response is required.  To the extent a response is required to the factual allegations, Answering Defendants admit only that Mr. Cramer is the father in law of Seth Obetz.

25.     The allegations of this paragraph are directed to a defendant other than Answering Defendants herein, and therefore, no response is required. To the extent a response is required, the allegations include conclusions of law to which no response is required.  To the extent a response is required to the factual allegations, Answering defendants admit only that Mrs. Cramer is Seth Obetz mother in law.

26.     The allegations of this paragraph are directed to a defendant other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is required, the allegations include conclusions of law to which no response is required.  To the extent a response is required to the factual allegations, Answering Defendants admit only that Ms. Kelly was the former HR Director at W&O.

27.     The allegations of this paragraph contain conclusions of law to which no response is required.  To the extent the allegations are directed to Defendant Seth Obetz, and are deemed averments of fact, Defendant Seth Obetz admits the factual averments as to 149 Doe Run Road, LP and 149 Doe Run Road, GP, LLC.  Defendant Seth Obetz denies the remaining allegations and leaves Plaintiff to her proofs.

28.     The allegations of this paragraph contain conclusions of law to which no response is required.  To the extent the allegations are directed to Defendant Seth Obetz, and are deemed averments of fact, Defendant Seth Obetz admits the factual averments as to 149 Doe Run Road, LP and 149 Doe Run Road, GP, LLC.  Defendant Seth Obetz denies the remaining allegations and leaves Plaintiff to her proofs.

29.     The allegations of this paragraph contain conclusions of law to which no response is required.  To the extent the allegations are directed to Defendant Seth Obetz, and are deemed averments of fact, Defendant Seth Obetz admits the factual averments as to 202 Greenfield, LP and 202 Greenfield General, LLC.  Defendant Seth Obetz denies the remaining allegations and leaves Plaintiff to her proofs.

30.     The allegations of this paragraph contain conclusions of law to which no response is required.  To the extent the allegations are directed to Defendant Seth Obetz, and are deemed averments of fact, Defendant Seth Obetz admits the factual averments as to 202 Greenfield, LP

and 202 Greenfield General, LLC.  Defendant Seth Obetz denies the remaining allegations and leaves Plaintiff to her proofs.

31.      The allegations of this paragraph contain conclusions of law to which no response is required.  To the extent the allegations are directed to Defendant Seth Obetz, and are deemed averments of fact, Defendant Seth Obetz admits the factual averments as to 535 Stiegel Valley Road, LLC.  Defendant Seth Obetz denies the remaining allegations and leaves Plaintiff to her proofs.

32.      The allegations of this paragraph contain conclusions of law to which no response is required.  To the extent the allegations are directed to Defendant Seth Obetz, and are deemed averments of fact, Defendant Seth Obetz denies the allegations as stated, and admits only that he is a managing member of Doe Run Road, LLC together with Jeff Lyons.   202 Greenfield, LP and 202 Greenfield General, LLC.  Defendant Seth Obetz denies the remaining allegations and leaves Plaintiff to her proofs.

33.      The allegations of this paragraph contain conclusions of law to which no response is required.  To the extent the allegations are directed to Defendant Seth Obetz, and are deemed averments of fact, Defendant Seth Obetz denies the allegations as stated, and admits only that he is a co-managing member of OL Partners, LLC and an owner together with Jeff Lyons.  Defendant Seth Obetz denies the remaining allegations and leaves Plaintiff to her proofs.

34.      The allegations of this paragraph contain conclusions of law to which no response is required.  To the extent the allegations are directed to Defendants Seth Obetz and Melissa Obetz, and are deemed averments of fact, Defendants Seth Obetz and Melissa Obetz admit the factual allegations as to G-Force Sportfishing, Inc. Defendants Seth Obetz and Melissa Obetz deny the remaining allegations and leave Plaintiff to her proofs.

35.    The allegations of this paragraph contain conclusions of law to which no response is required.  To the extent the allegations are directed to Defendants Seth Obetz and Melissa Obetz, and are deemed averments of fact, Defendants Seth Obetz and Melissa Obetz admit the factual allegations as to JW Bishop Properties, LLC.   Defendants Seth Obetz and Melissa Obetz deny the remaining allegations and leave Plaintiff to her proofs.

36.    The allegations of this paragraph contain conclusions of law to which no response is required.  To the extent the allegations are directed to Defendant Seth Obetz, and are deemed averments of fact, Defendant Seth Obetz admits only that he is a general partner and one of the owners of Lyons & Obetz.  Defendant Seth Obetz denies the remaining allegations as stated and leaves Plaintiff to her proofs.

37.    The allegations of this paragraph contain conclusions of law to which no response is required.  To the extent the allegations are directed to Defendants Seth Obetz and Bob Obetz, and are deemed averments of fact, Defendants Seth Obetz and Bob Obetz admit the factual allegations as JSB Retention, LLC.  Defendants Seth Obetz and Bob Obetz deny the remaining allegations and leave Plaintiff to her proofs.

38.    The allegations of this paragraph contain conclusions of law to which no response is required.  To the extent the allegations are directed to Defendant Seth Obetz, and are deemed averments of fact, Defendant Seth Obetz denies the allegations as stated and leaves Plaintiff to her proofs.  By way of further response, any and all allegations herein in connection with Seth Energy have been resolved by Order of this Court.

39.    The allegations of this paragraph contain conclusions of law to which no response is required.  To the extent the allegations are directed to Defendant Seth Obetz, and are deemed averments of fact, Defendant Seth Obetz denies the allegations as stated and leaves Plaintiff to her

proofs.  By way of further response, any and all allegations herein in connection with Shipley

Energy Company have been resolved by Order of this Court.

40.     The allegations of this paragraph are conclusions of law to which no further

response is required.  To the extent the allegations are deemed averments of fact, Answering

Defendants deny the same and leave Plaintiff to her proofs.

## STATEMENT OF FACTS

**A.  Background of Debtor's Businesses**

41.     Answering Defendants deny the allegations as stated and refer further to their

responses below.

42.     Answering Defendants admit the allegations of this paragraph.

43.     Answering Defendants admit the allegations of this paragraph.

44.     Answering Defendants admit the allegations of this paragraph.

45.     Answering Defendants admit the allegations of this paragraph.

46.     Answering Defendants admit the allegations of this paragraph.

47.     Answering Defendants admit the allegations of this paragraph.

48.     Answering Defendants admit the allegations of this paragraph.

49.     Answering Defendants deny the allegations as stated, and leave Plaintiff to her

proofs.

50.     Answering Defendants admit the allegations of this paragraph.

51.     Answering Defendants admit the allegations of this paragraph.

52.     Answering Defendants admit the allegations of this paragraph.

53.     Answering Defendants admit the allegations of this paragraph.

54.     Answering Defendants deny the allegations as stated, and leave Plaintiff to her proofs.

55.     Answering Defendants deny the allegations as stated, and leave Plaintiff to her proofs.

56.     Answering Defendants admit the allegations of this paragraph.

57.     Answering Defendants deny the allegations as stated, and leave Plaintiff to her proofs.

### B. **Events Leading to Bankruptcy**

58.     Answering Defendants admit the allegations of this paragraph.

59.     Answering Defendants admit the allegations of this paragraph.

60.     Answering Defendants admit the allegations of this paragraph.

61.     Answering Defendants admit the allegations of this paragraph.

### C. **The Primary Scheme**

62.     Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

63.     Answering Defendants admit the allegations of this paragraph.

64.     Answering Defendants admit the allegations as they relate to the Co-Conspirators, but specifically deny any prior knowledge of their acts or any involvement in the acts by the Co-Conspirators.  Answering Defendants, after reasonable investigation, are unable to admit or deny the allegations as to the period of time over which the Co-Conspirators so acted, and therefore, leave Plaintiff to her proofs.

65.    Answering Defendants admit the allegations as they relate to the Co-Conspirators, but specifically deny any prior knowledge of their acts or any involvement in the acts by the Co-Conspirators.

66.    Answering Defendants admit the allegations as they relate to the Co-Conspirators, but specifically deny any prior knowledge of their acts or any involvement in the acts by the Co-Conspirators.

67.    Answering Defendants admit the allegations as they relate to the Co-Conspirators, but specifically deny any prior knowledge of their acts or any involvement in the acts by the Co-Conspirators.

68.    Answering Defendants admit that after May 15, 2018, Ms. Connolly and Ms. Avilez admitted in their involvement in the Co-Conspirator's scheme, and that both provided written statements so stating to Seth Obetz.

69.    Answering Defendants, after reasonable investigation, are unable to admit or deny the allegations of this paragraph, and therefore, leave Plaintiff to her proofs.

70.    Answering Defendants, after reasonable investigation, are unable to admit or deny the allegations of this paragraph, and therefore, leave Plaintiff to her proofs.

71.    Answering Defendants admit that the Co-Conspirators diverted money for their personal use but specifically deny any prior knowledge of their acts or any involvement in their acts.  Answering Defendants, after reasonable investigation, are unable to admit or deny the extent of the diversion by the Co-Conspirators, and therefore, leave Plaintiff to her proofs

72.    Answering Defendants, after reasonable investigation, are unable to admit or deny the allegations of this paragraph, and therefore, leave Plaintiff to her proofs.

**D.  <u>The Failure of Management and Directors</u>**

73.     The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to Answering Defendants, they are denied.

74.     The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to Answering Defendants, they are denied.

75.     The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to Answering Defendants, they are denied.

**E.  Additional Fraudulent Actions, Dereliction of Duties, and Preferential and <u>Fraudulent Transfers</u>**

76.     The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to Answering Defendants, they are denied.

77.     The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to Answering Defendants, they are denied.

<u>Lyons & Obetz</u>

78.     Answering Defendants admit the allegations of this paragraph.

79.     Answering Defendants admit the allegations of this paragraph.

80.     Answering Defendants deny the allegations of this paragraph and leave Plaintiff to her proofs.

81.     Answering Defendants deny the allegations of this paragraph and leave Plaintiff to her proofs.

82.     Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

83.     Answering Defendants admit the allegations of this paragraph.

84.     Answering Defendants admit the allegations of this paragraph.

85.     Answering Defendants deny the allegations and leave Plaintiff to her proofs.

86.     Answering Defendants, after reasonable investigation, are unable to admit or deny the allegations, and therefore, deny the same and leave Plaintiff to her proofs.

87.     The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact, they are denied.

88.     Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

89.     Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

90.     Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

91.     Answering Defendants admit the allegations of this paragraph.

92.     Answering Defendants deny the allegations and leave Plaintiff to her proofs.

93.     Answering Defendants, after reasonable investigation, are unable to admit or deny the allegations, and therefore, deny the same and leave Plaintiff to her proofs.

94.     The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact, they are denied.

**40127 Fenwick Avenue, Fenwick Island, Delaware**

95.    Answering Defendants admit the allegations of this paragraph.

96.    Answering Defendants deny the allegations of this paragraph and leave Plaintiff to her proofs.

97.    Answering Defendants deny the allegations of this paragraph and leave Plaintiff to her proofs.

98.    Answering Defendants deny the allegations of this paragraph and leave Plaintiff to her proofs.

99.    Answering Defendants deny the allegations of this paragraph and leave Plaintiff to her proofs.

**202 Greenfield Road, Manheim, Pennsylvania**

100.    Answering Defendants admit purchase of the property at or around the time stated. Answering Defendants deny the remaining allegations as stated and leave Plaintiff to her proofs.

101.    Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

102.    Defendant Seth Obetz admits the allegations of this paragraph.

103.    Answering Defendants admit the allegations of this paragraph.

104.    Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

105.     Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

106.    Answering Defendants admit the allegations of this paragraph.

107.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

108.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

109.    The allegations of this paragraph are conclusions of law, and therefore, no response

is required.  To the extent the allegations are deemed averments of fact, they are denied.

### Doe Run Road, LLC

110.    Answering Defendants admit the allegations of this paragraph.

111.    Answering Defendants admit the allegations of this paragraph.

112.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

113.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

114.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

115.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

116.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

117.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

118.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

119.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

120.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

121.    The allegations of this paragraph are conclusions of law, and therefore, no response

is required.  To the extent the allegations are deemed averments of fact, they are denied.

### 1075 White Oak Road, Manheim, Pennsylvania

122.    Answering Defendants admit the allegations of this paragraph.

123.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

124.    Answering Defendants admit the allegations of this paragraph.

125.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

126.    The allegations of this paragraph are conclusions of law, and therefore, no response is required.  To the extent the allegations are deemed averments of fact, they are denied.

### 149 Doe Run Road, LP

127.    Answering Defendants admit the allegations of this paragraph.

128.    Answering Defendants admit the allegations of this paragraph.

129.    Answering Defendants admit the allegations of this paragraph.

130.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

131.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

132.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

133.    The allegations of this paragraph are conclusions of law, and therefore, no response is required.  To the extent the allegations are deemed averments of fact, they are denied.

### JW Bishop Properties LLC

134.    Answering Defendants admit the allegations of this paragraph.

135.    Answering Defendants admit the allegations of this paragraph.

136.    Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

137.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

138.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

139.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

140.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

141.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

142.    The allegations of this paragraph are conclusions of law, and therefore, no response is required.  To the extent the allegations are deemed averments of fact, they are denied.

## 211 South Charlotte Street, Manheim, Pennsylvania

143.    Answering Defendants admit the allegation of this paragraph.

144.    Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

145.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

146.    The allegations of this paragraph are conclusions of law, and therefore, no response is required.  To the extent the allegations are deemed averments of fact, they are denied.

## 535 Stiegel Valley Road, Manheim, Pennsylvania

147.    Answering Defendants admit the allegations of this paragraph.

148.    Answering Defendants admit the allegations of this paragraph.

149.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

150.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

151.    Answering Defendants, after reasonable investigation, are without sufficient information to admit or deny the allegations, and therefore, deny the same and leave Plaintiff to her proofs.

152.    The allegations of this paragraph are conclusions of law, and therefore, no response is required.  To the extent the allegations are deemed averments of fact, they are denied.

## G-Force Sportfishing, Inc.

153.    Answering Defendants admit the allegations of this paragraph.

154.    Answering Defendants admit the allegations of this paragraph.

155.    Answering Defendants admit the allegations of this paragraph.

156.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

157.    Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

158.    Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

159.    Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

160.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

161.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

162.    Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

## Bay House

163.    Answering Defendants admit the allegation of this paragraph.

164.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

165.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

166.    The allegations of this paragraph are conclusions of law, and therefore, no response is required.  To the extent the allegations are deemed averments of fact, they are denied.

## 469 Mountain Boulevard, Wernersville, Pennsylvania

167.    The allegations of this paragraph are directed to defendants other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants, after reasonable investigation, are without sufficient knowledge to admit or deny the allegations, and therefore, deny the same and leave Plaintiff to her proofs.

168.    The allegations of this paragraph are directed to defendants other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed

required, Answering Defendants, after reasonable investigation, are without sufficient knowledge to admit or deny the allegations, and therefore, deny the same and leave Plaintiff to her proofs.

169.    The allegations of this paragraph are directed to defendants other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants, after reasonable investigation, are without sufficient knowledge to admit or deny the allegations, and therefore, deny the same and leave Plaintiff to her proofs.

170.    The allegations of this paragraph are directed to defendants other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants, after reasonable investigation, are without sufficient knowledge to admit or deny the allegations, and therefore, deny the same and leave Plaintiff to her proofs.

**Captive Insurance Scheme**

171.    Answering Defendants admit the allegations of this paragraph.

172.    Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

173.    Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

174.    Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

175.    Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

**Seth Energy, LLC**

176.    Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

177.    Answering Defendants state that any and all claims against Seth Energy, LLC were resolved by Order of this Court, and therefore, no further response is required. To the extent a response is deemed required, Answering Defendants deny the allegations and leave Plaintiff to her proofs.

178.    Answering Defendants state that any and all claims against Seth Energy, LLC were resolved by Order of this Court, and therefore, no further response is required. To the extent a response is deemed required, Answering Defendants deny the allegations and leave Plaintiff to her proofs.

179.    Answering Defendants state that any and all claims against Seth Energy, LLC were resolved by Order of this Court, and therefore, no further response is required. To the extent a response is deemed required, Answering Defendants deny the allegations and leave Plaintiff to her proofs.

180.    Answering Defendants state that any and all claims against Seth Energy, LLC were resolved by Order of this Court, and therefore, no further response is required. To the extent a response is deemed required, Answering Defendants deny the allegations and leave Plaintiff to her proofs.

181.    Answering Defendants state that any and all claims against Seth Energy, LLC were resolved by Order of this Court, and therefore, no further response is required. To the extent a response is deemed required, Answering Defendants deny the allegations and leave Plaintiff to her proofs.

182.    Answering Defendants state that any and all claims against Seth Energy, LLC were resolved by Order of this Court, and therefore, no further response is required. To the extent a

response is deemed required, Answering Defendants deny the allegations and leave Plaintiff to her proofs.

183.     Answering Defendants state that any and all claims against Seth Energy, LLC were resolved by Order of this Court, and therefore, no further response is required. To the extent a response is deemed required, Answering Defendants deny the allegations and leave Plaintiff to her proofs.

### Share Repurchases

184.     Answering Defendants deny the allegations and leave Plaintiff to her proofs.

185.     Answering Defendants deny the allegations and leave Plaintiff to her proofs.

186.     Answering Defendants deny the allegations and leave Plaintiff to her proofs.

187.     Answering Defendants deny the allegations and leave Plaintiff to her proofs.

188.     Answering Defendants deny the allegations and leave Plaintiff to her proofs.

### Molly's Convenience Store

189.     Answering Defendants admit the allegations of this paragraph and state that the lease is a document in writing which speaks for itself, and therefore, any characterization and/or mischaracterization of the terms therein is denied.

190.     Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

191.     Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

192.     Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

193.    Answering Defendants deny the allegations and state that the lease is a document in writing which speaks for itself, and therefore, any characterization and/or mischaracterization of the terms therein is denied.

194.    Answering Defendants deny the allegations and state that the lease is a document in writing which speaks for itself, and therefore, any characterization and/or mischaracterization of the terms therein is denied.

195.    Answering Defendants admit the allegations of this paragraph.

196.    Answering Defendants admit the allegations of this paragraph.

197.    Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

198.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

199.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

200.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

201.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

202.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

203.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

204.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

205.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

206.    Answering Defendants admit that an Amendment to the Lease was entered into, but deny the remaining allegations and leave Plaintiff to her proofs.

207.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

208.    Answering Defendants admit the allegations of this paragraph.

209.    Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

210.    Answering Defendants admit the allegations of this paragraph.

211.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

212.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

213.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

214.    Answering Defendants admit the allegations of this paragraph.

215.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

216.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

217.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

218.    Answering Defendants admit the allegations of this paragraph.

219.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

220.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

221.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

222.    Answering Defendants admit the allegations of this paragraph.

223.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

224.    Answering Defendants admit the allegations of this paragraph.

225.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

226.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

227.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

228.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

229.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

230.    Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

231.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

232.    Answering Defendants admit the allegations of this paragraph as the document is in writing and speaks for itself.

233.    Answering Defendants admit the allegations of this paragraph.

234.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact, they are denied.

235.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

236.    Answering Defendants deny the allegations and leave Plaintiff to her proofs.

237.    Answering Defendants deny the allegations as stated and leave Plaintiff to her proofs.

238.    Answering Defendants admit that Seth Obetz sent an email expressing the intent and interest to re-open Molly's, which was subsequently approved by the Trustee and the Court.

239.    Answering Defendants admit the allegations of this paragraph, and further state that the Trustee and the Court approved re-opening Molly's.

240.    Answering Defendants admit the allegations of this paragraph, and further state that the Trustee and the Court approved re-opening Molly's.

241.    Answering Defendants admit the allegations of this paragraph, and further state that the Trustee and the Court approved re-opening Molly's.

242.    Answering Defendants admit the allegations of this paragraph, and further state that the Trustee and the Court approved re-opening Molly's.

**Debtor's Taxes**

243.    To the extent the allegations of this paragraph are directed to Answering Defendants herein, they are denied and Plaintiff is left to her proofs.

244.    The Debtors filings are documents in writing which speak for themselves, and therefore, no response is required.

245.    The allegations of this paragraph are conclusions of law to which no further response is required.  To the extent they are deemed averments of fact, Answering Defendants deny the same and leave Plaintiff to her proofs.

**COUNT I – Against Mr. Lyons and the Co-Conspirators**
**FRAUD**

246.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 245 hereof as if fully set forth herein at length.

247. -253. Count I of the First Amended Complaint states a claim against parties other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 247 to 253, and therefore, deny the same and leave Plaintiff to her proofs.

**COUNT II – Against Mr. Lyons and the Co-Conspirators**
**CIVIL CONSPIRACY TO COMMIT FRAUD**

254.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 253 hereof as if fully set forth herein at length.

255.-257.  Count II of the First Amended Complaint states a claim against parties other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraphs 255-257, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT III – Against the D&O Defendants
### BREACH OF FIDUCIARY DUTY

258.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 257 hereof as if fully set forth herein at length.

259.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

260.    The allegations of this paragraph, and each subpart, are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

261.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

262.    The allegations of this paragraph, and each subpart, are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

263.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

264.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

265.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

266.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

267.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

## COUNT IV – Against the D&O Defendants
**AIDING AND ABETTING BREACH OF FIDUCIARY DUTY**

268.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 267 hereof as if fully set forth herein at length.

269.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

270.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

271.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

272.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

273.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

## COUNT V – Against the D&O Defendants and the Co-Conspirators
### NEGLIGENCE

274.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 273 hereof as if fully set forth herein at length.

275.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

276.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

277.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

278.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

279.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

280.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

## <u>COUNT VI – Against the D&O Defendants and Co-Conspirators</u>
### NEGLIGENT MISREPRESENTATION

281.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 280 hereof as if fully set forth herein at length.

282.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

283.     The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

284.     The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

285.     The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

286.     The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

287.     The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

288.     The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

289.     The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

## COUNT VII – Against D&O Defendants and Co-Conspirators
## CIVIL CONSPIRACY

290.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 289 hereof as if fully set forth herein at length.

291.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

292.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

293.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

## COUNT VIII – Against 202 Greenfield LP
## BREACH OF THE 202 GREENFIELD PROMISSORY NOTE

294.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 293 hereof as if fully set forth herein at length.

295.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

296.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

297.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

## COUNT IX – Against JW Bishop Properties, LLC
### BREACH OF THE JW BISHOP PROMISSORY NOTE

298.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 297 hereof as if fully set forth herein at length.

299.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

300.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

301.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

## <u>COUNT X – Against All Defendants</u>
## UNJUST ENRICHMENT

302.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 301 hereof as if fully set forth herein at length.

303.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

304.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

305.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

306.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

### COUNT XI – Against All Defendants
## CONVERSION

307.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 306 hereof as if fully set forth herein at length.

308.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

309.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

310.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

311.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

312.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

## COUNT XII – Against Seth Obetz
## AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C §547

313.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 312 hereof as if fully set forth herein at length.

314.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

315.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

316.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

317.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

318.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

319.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

320.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

321.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

322.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

323.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

324.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

## COUNT XIII – Against Seth Obetz
## AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548(a)

325. Answering Defendants repeat and reallege their responses to paragraphs 1 through 324 hereof as if fully set forth herein at length.

326. The allegations of this paragraph are conclusions of law to which no response is required. To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

327. The allegations of this paragraph are conclusions of law to which no response is required. To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

328. The allegations of this paragraph are conclusions of law to which no response is required. To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

329. The allegations of this paragraph are conclusions of law to which no response is required. To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

330. The allegations of this paragraph are conclusions of law to which no response is required. To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

331. The allegations of this paragraph are conclusions of law to which no response is required. To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

332.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

333.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

334.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

335.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

**COUNT XIV – Against Seth Obetz**
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO
SECTION 5104 OF PUVTA AND 11 U.S.C. §544**

336.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 335 hereof as if fully set forth herein at length.

337.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

338.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

339.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

340.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

341.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

342.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

343.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

344.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

345.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

346.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

347.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

348.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

## <u>COUNT XV – Against Seth Obetz</u>
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5105 OF PUVTA AND 11 U.S.C. §544

349.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 348 hereof as if fully set forth herein at length.

350.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

351.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

352.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

353.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

354.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

355.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

356.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

357.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

358.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

359.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

360.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

<u>**COUNT XVI – Against Bob Obetz**</u>
**AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547**

361.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 360 hereof as if fully set forth herein at length.

362.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

363.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

364.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

365.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

366.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

367.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

368.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

369.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

370.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

371.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

372.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

## COUNT XVII – Against Bob Obetz
## AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548(a)

373.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 372 hereof as if fully set forth herein at length.

374.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

375.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

376.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

377.     The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

378.     The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

379.     The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

380.     The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

381.     The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

382.     The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

383.     The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

### COUNT XVIII – Against Bob Obetz
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5104 OF PUVTA AND 11 U.S.C. §544

384.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 383 hereof as if fully set forth herein at length.

385.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

386.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

387.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

388.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

389.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

390.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

391.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

392.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

393.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

394.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

395.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

396.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

### COUNT XIX – Against Bob Obetz
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5105 OF PUVTA AND 11 U.S.C. §544

397.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 396 hereof as if fully set forth herein at length.

398.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

399.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

400.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

401.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

402.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

403.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

404.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

405.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

406.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

407.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

408.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

## COUNT XX – Against Jeff B. Lyons
## AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547

409.     Answering Defendants repeat and reallege their responses to paragraphs 1 through 408 hereof as if fully set forth herein at length.

410.    -420.   Count XX of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 410 to 420, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT XXI – Against Jeff B. Lyons
## AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548(a)

421.     Answering Defendants repeat and reallege their responses to paragraphs 1 through 420 hereof as if fully set forth herein at length.

422.-431.      Count XXI of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 422-431, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT XXII – Against Jeff B. Lyons
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5104 OF PUVTA AND 11 U.S.C. §544

432.     Answering Defendants repeat and reallege their responses to paragraphs 1 through 431 hereof as if fully set forth herein at length.

433.-444.      Count XXII of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a

response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 433 to 444, and therefore, deny the same and leave Plaintiff to her proofs.

**COUNT XXIII – Against Jeff B. Lyons**
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5105 OF PUVTA AND 11 U.S.C. §544**

445.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 444 hereof as if fully set forth herein at length.

446.    -456.    Count XXII of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 446 to 456, and therefore, deny the same and leave Plaintiff to her proofs.

**COUNT XXIV – Against Molly Obetz**
**AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547**

457.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 456 hereof as if fully set forth herein at length.

458.    – 468. Count XXIV of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 458 to 468, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT XXV – Against Molly Obetz
### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548(a)

469.     Answering Defendants repeat and reallege their responses to paragraphs 1 through 468 hereof as if fully set forth herein at length.

470.     - 479. Count XXV of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 470 to 479, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT XXVI – Against Molly Obetz
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5104 AND PUVTA AND 11 U.S.C. §544

480.     Answering Defendants repeat and reallege their responses to paragraphs 1 through 479 hereof as if fully set forth herein at length.

481.     – 492.  Count XXVI of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 481 to 492, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT XXVII – Against Molly Obetz
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5105 OF PUVTA AND 11 U.S.C. §544

493.     Answering Defendants repeat and reallege their responses to paragraphs 1 through 492 hereof as if fully set forth herein at length.

494.     – 504.  Count XXVII of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 494 to 504, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT XXVIII– Against Sam Obetz
## AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547

505.     Answering Defendants repeat and reallege their responses to paragraphs 1 through 504 hereof as if fully set forth herein at length.

506.     – 516. Count XXVIII of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 506 to 516, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT XXIX – Against Sam Obetz
### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548(a)

517.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 516 hereof as if fully set forth herein at length.

518.    – 527.  Count XXIX of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 518 to 527, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT XXX – Against Sam Obetz
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5104 OF PUVTA AND 11 U.S.C. §554

528.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 527 hereof as if fully set forth herein at length.

529.    – 540.  Count XXX of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 529 to 540, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT XXXI – Against Sam Obetz
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5105 OF PUVTA AND 11 U.S.C. §544

541.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 540 hereof as if fully set forth herein at length.

542.    – 552.  Count XXXI of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 542 to 552, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT XXXII – Against 202 Greenfield, LP & 202 Greenfield General, LLC
### AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547

553.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 552 hereof as if fully set forth herein at length.

554.    – 564.  Count XXXII of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 554 to 564, and therefore, deny the same and leave Plaintiff to her proofs.

**COUNT XXXIII – Against 202 Greenfield, LP & 202 Greenfield General, LLC**
**AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548(a)**

565.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 564 hereof as if fully set forth herein at length.

566.    – 575.  Count XXXIII of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 566 to 575, and therefore, deny the same and leave Plaintiff to her proofs.

**COUNT XXXIV – Against 202 Greenfield, LP & 202 Greenfield General, LLC**
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO**
**SECTION 5104 OF PUVTA AND 11 U.S.C. §544**

576.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 575 hereof as if fully set forth herein at length.

577.    – 588.  Count XXXIV of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 577 to 588, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT XXXV-Against 202 Greenfield, LP & 202 Greenfield General, LLC
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5105 OF PUVTA AND 11 U.S.C. §544**

589.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 588 hereof as if fully set forth herein at length.

590.    -600.  Count XXXV of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 590 to 600, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT XXXVI – Against 535 Stiegel Valley Road, LLC
**AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547**

600.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 599 hereof as if fully set forth herein at length.

601.    – 613.  Count XXXVI of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 601 to 613, and therefore, deny the same and leave Plaintiff to her proofs.

**COUNT XXXVII – Against 535 Stiegel Valley Road, LLC**
**AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548(a)**

614.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 613 hereof as if fully set forth herein at length.

615.    -624.  Count XXXVII of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 615 to 624, and therefore, deny the same and leave Plaintiff to her proofs.

**COUNT XXXVIII – Against 535 Stiegel Valley Road, LLC**
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5104 OF PUVTA AND 11 U.S.C. §544**

625.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 624 hereof as if fully set forth herein at length.

626.    -637.  Count XXXVIII of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 626 to 637, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT XXXIX – Against 535 Stiegel Valley Road, LLC
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5105 OF PUVTA AND 11 U.S.C. §544

638.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 637 hereof as if fully set forth herein at length.

639.    – 649.  Count XXXIX of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 639 to 649, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT XL – Against Doe Run Road, LLC
### AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547

650.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 649 hereof as if fully set forth herein at length.

651.    – 662.  Count XL of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 651 to 662, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT XLI – Against Doe Run Road, LLC
## AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548(a)

663.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 662 hereof as if fully set forth herein at length.

664.    – 673.  Count XLI of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 664 to 673, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT XLII – Against Doe Run Road, LLC
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5104 OF PUVTA AND 11 U.S.C. §544

674.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 673 hereof as if fully set forth herein at length.

675.    – 686.  Count XLII of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 675 to 686, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT XLIII-Against Doe Run Road, LLC
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5105 OF PUVTA AND 11 U.S.C. §544

687.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 686 hereof as if fully set forth herein at length.

688.    – 698.  Count XLIII of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 688 to 698, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT XLIV – Against G-Force Sportsfishing, Inc.
## AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547

699.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 698 hereof as if fully set forth herein at length.

700.    – 711.  Count XLIV of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 700 to 711, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT XLV – Against G-Force Sportsfishing, Inc.
## AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548(a)

712.     Answering Defendants repeat and reallege their responses to paragraphs 1 through 711 hereof as if fully set forth herein at length.

713.     – 722.  Count XLV of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 713 to 722, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT XLVI – Against G-Force Sportsfishing, Inc.
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5104 OF PUVTA AND 11 U.S.C. §554

723.     Answering Defendants repeat and reallege their responses to paragraphs 1 through 722 hereof as if fully set forth herein at length.

724.     – 735.  Count XLVI of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 724 to 735, and therefore, deny the same and leave Plaintiff to her proofs.

### COUNT XLVII – Against G-Force Sportsfishing, Inc.
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO
SECTION 5105 OF PUVTA AND 11 U.S.C. §544**

736.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 735 hereof as if fully set forth herein at length.

737.    – 747.  Count XLVII of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 737 to 747, and therefore, deny the same and leave Plaintiff to her proofs.

### COUNT XLVIII – Against Lyons & Obetz
**AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547**

748.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 747 hereof as if fully set forth herein at length.

749.    – 760.  Count XLVIII of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 749 to 760, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT XLIX – Against Lyons & Obetz
## AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548(a)

761.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 760 hereof as if fully set forth herein at length.

762.    – 771.  Count XLIX of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 762 to 771, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT L – Against Lyons & Obetz
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5106 OF PUVTA AND 11 U.S.C. §544

772.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 771 hereof as if fully set forth herein at length.

773.    – 784.  Count L of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 773 to 784, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT LI – Against Lyons & Obetz
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 5105 OF PUVTA AND 11 U.S.C. §544

785.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 784 hereof as if fully set forth herein at length.

786.    – 796.  Count LI of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 786 to 796, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT LII – Against Shipley Energy Company
### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548(a)

797.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 796 hereof as if fully set forth herein at length.

798.    - 807.  The claims set forth in Count LII of the First Amended Complaint have been resolved by Order of this Court and therefore are moot.

## COUNT LIII – Against Seth Energy LLC
### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548(a)

808.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 807 hereof as if fully set forth herein at length.

809.    – 818.  The claims set forth in Count LIII of the First Amended Complaint have been resolved by Order of this Court and therefore are moot.

## <u>COUNT LIV – Against All Defendants</u>
**RECOVERY OF FRAUDULENT TRANSFERS PURSUANT
TO PUVTA AND BANKRUPTCY CODE §544**

819.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 818 hereof as if fully set forth herein at length.

820.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

821.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

822.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

823.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

824.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

### COUNT LV – Against 149 Doe Run Road, LP

### TURNOVER PURSUANT TO 11 U.S.C. §542

825.    The Defendants repeat and reallege their responses to paragraphs 1 through 824 hereof as if fully set forth herein at length.

826.    – 837.  Count LV of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 826 to 837, and therefore, deny the same and leave Plaintiff to her proofs.

### COUNT LVI- Against 202 Greenfield, LP
### TURNOVER PURSUANT TO 11 U.S.C. §542

838.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 837 hereof as if fully set forth herein at length.

839.    – 850.  Count LVI of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 839 to 850, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT LVII – Against Doe Run Road, LLC
## TURNOVER PURSUANT TO 11 U.S.C. §542

851.     Answering Defendants repeat and reallege their responses to paragraphs 1 through 850 hereof as if fully set forth herein at length.

852.     – 863.  Count LVII of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 852 to 863, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT LVIII – Against G-Force Sportsfishing, Inc.
## TURNOVER PURSUANT TO 11 U.S.C. §542

864.     Answering Defendants repeat and reallege their responses to paragraphs 1 through 863 hereof as if fully set forth herein at length.

865.     – 876.  Count LVIII of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 865 to 876, and therefore, deny the same and leave Plaintiff to her proofs.

### COUNT LIX – Against JW Bishop Properties, LLC
### TURNOVER PURSUANT TO 11 U.S.C. §542

877.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 876 hereof as if fully set forth herein at length.

878.    – 889.  Count LIX of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 878 to 889, and therefore, deny the same and leave Plaintiff to her proofs.

### COUNT LX – Against Lyons & Obetz
### TURNOVER PURSUANT TO 11 U.S.C. §542

890.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 889 hereof as if fully set forth herein at length.

891.    -902.  Count LX of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 891 to 902, and therefore, deny the same and leave Plaintiff to her proofs.

## COUNT LXI – Against Seth Obetz
## TURNOVER PURSUANT TO 11 U.S.C. §542

903.   Answering Defendants repeat and reallege their responses to paragraphs 1 through 902 hereof as if fully set forth herein at length.

904.   The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

905.   The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

906.   The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

907.   The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

908.   The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

909.   The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

910.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

911.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

912.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

913.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

## <u>COUNT LXII – Against Bob Obetz</u>
## TURNOVER PURSUANT TO 11 U.S.C. §542

914.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 913 hereof as if fully set forth herein at length.

915.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

916.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

917.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

918.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

919.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

920.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

921.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

922.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

923.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

924.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

## COUNT LXIII – Against Jeff Lyons
## TURNOVER PURSUANT TO 11 U.S.C. §542

925.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 924 hereof as if fully set forth herein at length.

926.    -935.  Count LXIII of the First Amended Complaint states a claim against a party other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, Answering Defendants state that the allegations are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 926 to 935, and therefore, deny the same and leave Plaintiff to her proofs.

**COUNT LXIV – Against Seth Obetz, Melissa Obetz, Jeff Lyons, Julie Lyons, 149 Doe Run
Road, LP, 202 Greenfield, LP, 535 Stiegel Valley Road, LLC, Doe Run Road, LLC, JW
Bishop Properties, LLC and Lyons & Obetz
TURNOVER PURSUANT TO 11 U.S.C. §542**

936.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 935 hereof as if fully set forth herein at length.

937.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

938.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

939.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

940.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

941.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

942.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

943.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

944.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

945.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

946.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

947.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

948.    The allegations of this paragraph are conclusions of law to which no response is required.    To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

**COUNT LXV – Against Seth Obetz**
**ENFORCEMENT OF THE AUTOMATIC STAY**
**PURSUANT TO 11 U.S.C. §§662(A)(1) AND 362(A)(3)**

949.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 948 hereof as if fully set forth herein at length.

950.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

951.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, they are denied.

952.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in this Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

953.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in this Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

954.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in this Count LXV as to Seth Obetz and the operation of

Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

955.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in this Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

956.    The allegations of this paragraph are conclusions of law to which no response is required, see Answering Defendants' responses to paragraphs 157-159 above.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in this Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

957.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

958.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

959.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

960.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

961.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

## COUNT LXVI – Against Seth Obetz
### BREACH OF LEASE AGREEMENT

962.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 963 hereof as if fully set forth herein at length.

963.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering

Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

964.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

965.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

966.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

967.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

968.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

969.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

970.    The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

### COUNT LXVII – Against Seth Obetz
### DECLARATORY JUDGMENT OF OWNERSHIP
### MOLLY'S AND THE PROPERTY LOCATED AT MOLLY'S

971.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 970 hereof as if fully set forth herein at length.

972.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

973.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

974.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

975.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

976.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of

Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

977.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

978.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

979.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

980.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

981.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

982.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

983.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

## COUNT LXVIII – Against Seth Obetz
## UNJUST ENRICHMENT (IN THE ALTERNATIVE TO COUNT XV)

984.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 983 hereof as if fully set forth herein at length.

985.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering

Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

986.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

987.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

988.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXV as to Seth Obetz and the operation of Molly's have been resolved by agreement with the Trustee and approved by this Court, and therefore they are moot.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

**COUNT LXIX – Against Seth Obetz, Shipley Energy, and Seth Energy**
**VIOLATION OF PENNSYLVANIA UNIFORM**
**TRADE SECRETS ACT ("PUTSA"), 12 Pa. C.S.A. §§5301, et seq.**

989.    Answering Defendants repeat and reallege their responses to paragraphs 1 through 988 hereof as if fully set forth herein at length.

990.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXIX have been resolved by Order of this Court, and therefore, they are moot.

991.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXIX have been resolved by Order of this Court, and therefore, they are moot.

992.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXIX have been resolved by Order of this Court, and therefore, they are moot.

993.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXIX have been resolved by Order of this Court, and therefore, they are moot.

994.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations are deemed averments of fact as to the Answering

Defendants herein, the issues asserted in the Count LXIX have been resolved by Order of this Court, and therefore, they are moot.

995.     The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXIX have been resolved by Order of this Court, and therefore, they are moot.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be dismissed as to them, together with an award of costs and fees and any other relief this Court deems appropriate and just.

## COUNT LXX – Against Seth Obetz, Shipley Energy, and Seth Energy
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

996.     Answering Defendants repeat and reallege their responses to paragraphs 1 through 995 hereof as if fully set forth herein at length.

997.     The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXIX have been resolved by Order of this Court, and therefore, they are moot.

998.     The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering Defendants herein, the issues asserted in the Count LXIX have been resolved by Order of this Court, and therefore, they are moot.

999.     The allegations of this paragraph are conclusions of law to which no response is required.   To the extent the allegations are deemed averments of fact as to the Answering

Defendants herein, the issues asserted in the Count LXIX have been resolved by Order of this

Court, and therefore, they are moot.

WHEREFORE, Answering Defendants demand that the First Amended Complaint be

dismissed as to them, together with an award of costs and fees and any other relief this Court deems

appropriate and just.

## CROSS CLAIMS AGAINST CO-CONSPIRATORS

1. Answering Defendants deny liability against them as alleged in the First Amended

   Complaint.

2. Solely for purpose of asserting a claim for contribution, indemnification, and restitution as

   may be the case, against the Co-Conspirators as alleged herein, Answering Defendants

   incorporate herein by reference the allegations of the First Amended Complaint.

3. In the event that Answering Defendants are found liable in whole or in part for the claims

   asserted against them in the First Amended Complaint, said liability is wholly and entirely

   the result of the conduct of the alleged Co-Conspirators, including defendant Julie Lyons,

   and as such, said Co-Conspirators, including defendant Julie Lyons, are jointly and

   severally liable over to Answering Defendants for any liability found against them at trial

   in this matter.

## ANSWER TO CROSS CLAIMS

1. Answering Defendants deny any cross claims asserted against them by any defendant

   named in the First Amended Complaint, or added as a party defendant thereafter.

2. Answering Defendants deny the common law contribution and/or indemnification claims

   made against them by the Co-Conspirators, including defendant Julie Lyons, as they are

   estopped from making any such claim by the criminal, fraudulent and deceptive acts

undertaken by them as alleged in the First Amended Complaint, to which the Answering

Defendants had no knowledge of and in no way were involved.

### FIRST AFFIRMATIVE DEFENSE OF ANSWERING DEFENDANTS WITH RESPECT TO CLAIMS ARISING UNDER PUVTA AND 11 U.S.C. §544

1. To the extent that any or all of the Answering Defendants received a transfer, such transfer was made and received in good faith.

2. To the extent that any or all of the Answering Defendants received a transfer, such Answering Defendants provided the transferor reasonably equivalent value in exchange therefor.

3. To the extent that any or all of the Answering Defendants received a transfer, such transfer was made prior to the applicable statute of limitations arising under PUVTA and is therefore time-barred.

4. To the extent that any or all of the Answering Defendants received a transfer, such transfer was made while the transferor was solvent and said transfer did not render the transferor insolvent.

5. To the extent that any or all of the Answering Defendants received a transfer, such transfer was not made or incurred with the intent to defraud a creditor of the transferor and/or did not operate to defraud any such creditor.

## SECOND AFFIRMATIVE DEFENSES OF ANSWERING DEFENDANTS
## WITH RESPECT TO CLAIMS ARISING UNDER 11 U.S.C. §548

1. To the extent that any or all of the Answering Defendants received a transfer, such Defendants obtained such transfer in good faith.

2. To the extent that any or all of the Answering Defendants received a transfer, such Defendants gave the transferor reasonably equivalent and fair value in exchange therefor.

3. To the extent that any or all of the Answering Defendants received a transfer, such transfer was made prior to the applicable statute of limitations arising under 11 U.S.C. §548 and is therefore time-barred.

4. To the extent that any or all of the Answering Defendants received a transfer, such transfer was made while the transferor was solvent and did not render the transferor insolvent.

5. To the extent that any or all of the Answering Defendants received a transfer, such transfer was not made or incurred with the intent to defraud a creditor of the transferor and/or did not operate to defraud any such creditor.

6. To the extent that any or all of the Answering Defendants received a transfer, such transfer was made in good faith and for value within the meaning of 11 U.S.C. §548 (c).

## THIRD AFFIRMATIVE DEFENSES OF ANSWERING DEFENDANTS
## WITH RESPECT TO CLAIMS ARISING UNDER 11 U.S.C. §547(b)

To the extent that any or all of the Answering Defendants received a transfer, such Defendant was not an insider within the meaning of 11 U.S.C. §§101(31) and 547(b)(4)(B).

## FOURTH AFFIRMATIVE DEFENSE OF ANSWERING DEFENDANTS
## WITH RESPECT TO CLAIMS ARISING UNDER 11 U.S.C. §547(b)

The transfers are not avoidable because such transfers were in payment of debts incurred by the Answering Defendants in the ordinary course of business of the Debtors and

Answering Defendants, and such transfers were made in the ordinary course of business within the meaning of 11 U.S.C. §542(c)(2)(A) and (B).

### FIFTH AFFIRMATIVE DEFENSE OF ANSWERING DEFENDANTS WITH RESPECT TO CLAIMS ARISING UNDER 11 U.S.C. §547(b)

The transfers are not avoidable because such transfers were intended by the Debtors and Answering Defendants to be contemporaneous exchanges of new value given to the Debtors and were in fact contemporaneous exchanges within the meaning of 11 U.S.C. §547(c)(1)(A) and (B).

### SIXTH AFFIRMATIVE DEFENSE OF ANSWERING DEFENDANTS WITH RESPECT TO CLAIMS ARISING UNDER 11 U.S.C. §547(b)

The transfers are not avoidable by reason of the fact that, after such transfers, the Answering Defendant gave new value to or for the benefit of the Debtors in the form of goods and/or services in an amount substantially in excess of the amount sought in the Complaint within the meaning of 11 U.S.C. §547(c)(4)(A) and (B).

### SEVENTH AFFIRMATIVE DEFENSE

The Debtors were not insolvent at the times of the transfers described in the First Amended Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by the applicable statutes of limitations.

### NINTH AFFIRMATIVE DEFENSE

Because certain of the transfers described in the First Amended Complaint are duplicative of or are asserted to be avoidable and recoverable against multiple defendants, such

transfers may only be recovered once, if at all, rather than subjecting the Answering

Defendants to several liability for the same transfers.

<strong><u>TENTH AFFIRMATIVE DEFENSE</u></strong>

There is no basis in fact or law for the award of attorney's fees, costs or punitive damages

as sought by Plaintiff in the First Amended Complaint.

<strong><u>ELEVENTH AFFIRMATIVE DEFENSE</u></strong>

All Counts in the First Amended Complaint regarding the operations of Molly's post-

petition must be withdrawn as they have been resolved by agreement with the Trustee and

by Order of this Court.

<strong><u>TWELFTH AFFIRMATIVE DEFENSE</u></strong>

All Counts of the First Amended Complaint regarding Seth Energy LLC and/or Shipley

Energy Co. must be withdrawn as they have been resolved by Order of this Court.

<strong><u>THIRTEENTH AFFIRMATIVE DEFENSE</u></strong>

Answering Defendants herein had no prior knowledge of the acts of the Co-Conspirators,

and in no way participated or were involved in any way in the acts of the Co-conspirators,

and in all manners conducted themselves in good faith in connection with the operations

of the Debtors, including in the days, weeks and months since May 15, 2018.

<strong><u>FOURTEENTH AFFIRMATIVE DEFENSE</u></strong>

Answering Defendants complied with any and all duties which they owed, if any, to the

Debtors.

## FIFTEENTH AFFIRMATIVE DEFENSE

Answering Defendants contend that third parties not yet named in the First Amended Complaint may have contributed to, perpetuated or through their own means failed to discover the Co-Conspirators' Scheme and/or conspiracy, to the detriment of the Debtors and the Answering Defendants, and preserve their rights to assert any and all such claims as the investigation continues.

## SIXTEENTH AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a cause of action against the Answering Defendants for which relief can be granted.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims in the First Amended Complaint may be barred by the doctrines of res judicata, estoppel, laches, accord and satisfaction and/or waiver.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Answering Defendants reserve the right to amend this Answer and these defenses up to and at the time of trial.


Dated:  May 8, 2019                    **LITCHFIELD CAVO LLP**
                                       *An Illinois Limited Liability Partnership*


                                       By:___*/s/ John D. Shea*_____
                                              John D. Shea, Esquire
                                              Daniel A. Baylson, Esquire
                                              1800 Chapel Avenue West, Suite 360
                                              Cherry Hill, NJ 08002
                                              Telephone:  (856) 854-3636
                                              Email:  shea@litchfieldcavo.com

                                              Attorneys for Robert Seth Obetz, Melissa
                                              Obetz, Robert W. Obetz, Jr. and Marjorie S.
                                              Obetz