IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re | CHAPTER 7 |
| WORLEY & OBETZ, INC., *et al.*,[1] | Case No. 18-13774 (MDC) (Jointly Administered) |
| Debtors. | |
| CHRISTINE C. SHUBERT, Chapter 7 Trustee for the Estates of Worley & Obetz, Inc., *et al.*; <br> Plaintiff, | Adv. No. 18-00235 (MDC) |
| vs. | |
| ROBERT SETH OBETZ, an individual; ROBERT W. OBETZ, JR., an individual; JEFFREY B. LYONS, an individual; JUDITH A. AVILEZ, an individual; KAREN L. CONNELLY, an individual; MARJORIE S. OBETZ, an individual; MELISSA OBETZ, an individual; JULIE LYONS, an individual; MOLLY S. OBETZ, an individual; SAMUEL J. OBETZ, an individual; HOWARD W. CRAMER, JR., an individual; KATHLEEN A. CRAMER, an individual; MICHELE K. KLUSEWITZ, a/k/a MICHELE KELLY, an individual; 149 DOE RUN ROAD, LP, a Pennsylvania limited partnership; 149 DOE RUN ROAD, GP, LLC, a Pennsylvania limited liability company; 202 GREENFIELD, LP, a Pennsylvania limited partnership; | |

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Worley & Obetz, Inc. (6576) (Case No. 18-13774-REF); (ii) Americomfort, Inc. (7605) (Case No. 18-13775-REF); (iii) RPHAC, Inc. (9625) (Case No. 18-13776-REF); (iv) Amerigreen Energy, Inc. (6284) (Case No. 18-13777-REF); (v) Advance Air, Inc. (8111) (Case No. 18-13778-REF); (vi) Amerigreen Energy Brokers, LLC (2358) (Case No. 18-13779-REF); (vii) Amerigreen Electricity, LLC (8977) (Case No. 18-13780-REF); (viii) Amerigreen Hedging Services, LLC (8549) (Case No. 18-13781-REF); (ix) Amerigreen Lubricants, LLC (7489) (Case No. 18-13782-REF); (x) Amerigreen Natural Gas, LLC (3222) (Case No. 18-13783-REF); and (xi) Amerigreen Propane, LLC (Case No. 18-13784-REF).

107231280.v2

**202 GREENFIELD GENERAL, LLC,** a
Pennsylvania limited liability company;
**535 STIEGEL VALLEY ROAD, LLC,** a
Pennsylvania limited liability company;
**DOE RUN ROAD, LLC,** a Pennsylvania
limited liability company;
**OL PARTNERS, LLC,** a Pennsylvania
limited liability company;
**G-FORCE SPORTFISHING, INC.,** a
Delaware corporation;
**JW BISHOP PROPERTIES, LLC,** a
Pennsylvania limited liability company;
**LYONS & OBETZ,**
a Pennsylvania general partnership;
**JSB RETENTION, LLC,** a Pennsylvania
limited liability company;
**SETH ENERGY, LLC,** a Pennsylvania
limited liability company; and
**SHIPLEY ENERGY COMPANY,** a
Pennsylvania corporation;

Defendants.

## AMENDED ORDER APPROVING THE SETTLEMENT AGREEMENT BY AND AMONG THE CHAPTER 7 TRUSTEE, JEFFREY B. LYONS, AND MICHELE GOODIN

Upon consideration of the motion of Christine C. Shubert (the "Trustee"),[2] the Chapter 7

trustee for the jointly administered estates of Worley & Obetz, Inc., *et al.* (the "Debtors"), for entry

of an order approving the the Settlement Agreement (the "Agreement") by and among the Trustee,

Jeffrey B. Lyons ("Mr. Lyons"), and Michele K. Klusewitz, a/k/a Michele Kelly, a/k/a Michele

Goodin ("Ms. Goodin", and collectively with Mr. Lyons and the Trustee, the "Parties") pursuant

to Fed. R. Bankr. P. 9019 (the "Motion"); and the Court having considered the Motion and

determined that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C.

§§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief

---

[2] Capitalized terms not otherwise defined herein shall have their meanings as defined in the Motion and the Agreement.

2

107231280.v2

requested in the Motion is in the best interests of the Debtors, their estates and creditors; (iv) proper

and adequate notice of the Motion and the relief requested therein has been given and no other or

further notice is necessary; and (v) upon the record herein, after due deliberation thereon, good

and sufficient cause appearing therefore,

**THE COURT FINDS AND CONCLUDES**, based on the information set forth in the

Motion and the Agreement, and a hearing held thereon:

A.      The Court has jurisdiction over these cases pursuant to 28 U.S.C. § 1334(b).

B.      Due and adequate notice of the Motion has been given to all parties entitled thereto,

and no other further notice is necessary or required.

C.      A reasonable opportunity to object or to be heard regarding the relief requested in

the Motion has been afforded to all interested persons and entities.

D.      The terms in the Agreement are the result of good faith, arms-length negotiations

between the Parties and were not achieved by collusion.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED**

1.      The Motion is GRANTED as set forth herein.

2.      The Agreement by and among the Trustee, Mr. Lyons, and Ms. Goodin attached

hereto as **Exhibit "A"** and incorporated by reference herein, settling any and all disputes between

the Parties as to the property located at 469 Mountain Boulevard, Wernersville, Pennsylvania 19565,

is hereby approved pursuant to Fed. R. Bankr. P. 9019.

3.      Payments due to the Trustee under the Agreement shall be allocated and deposited

into Debtor Worley & Obetz, Inc.'s bank account.

4.      Ms. Goodin is dismissed as a Party in this adversary action, with prejudice.

107231280.v2

5.  Notwithstanding Fed. R. Bankr. P. 6004, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

6.  The Court shall retain jurisdiction over any matter arising from, and/or related to, this Order or the relief granted herein.

Dated: *2/19/2020*

_____
THE HONORABLE MAGDELINE D. COLEMAN
CHIEF UNITED STATES BANKRUPTCY JUDGE

4

# Exhibit "A"

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made this January __, 2020, by and among Jeffrey B. Lyons ("Mr. Lyons"), Michele K. Klusewitz, a/k/a Michele Kelly, a/k/a Michele Goodin ("Ms. Goodin"), and Christine C. Shubert, solely in her capacity as the Chapter 7 Trustee (the "Trustee", and together with Ms. Goodin and Mr. Lyons, the "Parties") for the jointly administered estates of Worley & Obetz, Inc., *et al.* (the "Debtors")[1].

## RECITALS

1.    **Bankruptcy Procedural Background**

A.    On June 6, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court").

B.    On the same day, the Office of the United States Trustee appointed the Trustee as Chapter 7 Trustee, which appointment remains in effect.

C.    On June 19, 2018, the Bankruptcy Court entered an order directing the joint administration of the Debtors' bankruptcy cases for procedural purposes only pursuant to Fed. R. Bankr. P. 1015(b).

D.    On October 15, 2018, the Trustee commenced an adversary action in the Bankruptcy Court, which case is captioned as Christine C. Shubert v. Robert Seth Obetz, et al., Case No. 18-00235 (the "Adversary Action").

E.    On December 6, 2018, the Trustee filed a First Amended Complaint (the "Amended Complaint") in the Adversary Action asserting claims against Ms. Goodin and Mr. Lyons, among other defendants.

F.    As set forth in the Amended Complaint, on or about March 22, 2013, Ms. Goodin and Mr. Lyons purchased a home located at 469 Mountain Boulevard, Wernersville, Pennsylvania 19565 ("469 Mountain Boulevard") , which the Amended Complaint alleges that Mr. Lyons illegally diverted funds from Worley & Obetz, Inc. ("W&O").

G.    W&O received no economic benefit on account of the purchase of 469 Mountain Boulevard.

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are (i) Worley & Obetz, Inc. (6576) (Case No. 18-13774-REF); (ii) Americomfort, Inc. (7605) (Case No. 18-13775-REF); (iii) RPHAC, Inc. (9625) (Case No. 18-13776-REF); (iv) Amerigreen Energy, Inc. (6284) (Case No. 18-13777-REF); (v) Advance Air, Inc. (8111) (Case No. 18-13778-REF); (vi) Amerigreen Energy Brokers, LLC (2358) (Case No. 18-13779-REF); (vii) Amerigreen Electricity, LLC (8977) (Case No. 18-13780-REF); (viii) Amerigreen Hedging Services, LLC (8549) (Case No. 18-13781-REF); (ix) Amerigreen Lubricants, LLC (7489) (Case No. 18-13782-REF); (x) Amerigreen Natural Gas, LLC (3222) (Case No. 18-13783-REF); and (xi) Amerigreen Propane, LLC (Case No. 18-13784-REF).

1

107167143.v2

H.      The Trustee further alleges that, as a result of Mr. Lyons and Ms. Goodin's use of cash improperly obtained from W&O to purchase 469 Mountain Boulevard, W&O is the equitable owner of all interest in 469 Mountain Boulevard.

I.      The Parties have agreed to resolve their disputes regarding 469 Mountain Boulevard based on the terms set forth herein.

NOW, THEREFORE, for good and valuable consideration, including the mutual covenants set forth below, the receipt and sufficiency of which the Parties hereby acknowledge, and intending to be legally bound, the Parties hereby agree as follows:

## AGREEMENT

1.      **Incorporation.** The Recitals set forth above are hereby incorporated in full and made a part of this Agreement.

2.      **Effective Date.** As soon as practicable after the execution hereof by the Parties, the Trustee shall file with the Bankruptcy Court a Motion for entry of an Order approving this Agreement between the Parties pursuant to Fed. R. Bankr. P. 9019 and Fed. R. Civ. P. 41 and dismissing Ms. Goodin as a party to the Adversary Action, with prejudice. Except as expressly stated herein regarding the effective date of the releases provided in Paragraphs 6-8 below, the effective date (the "Effective Date") under this Agreement shall be the first business day after the Bankruptcy Court enters an Order approving this Agreement. If this Agreement is not approved by the Bankruptcy Court, this Agreement shall be null and void and made without prejudice to either party.

3.      **Settlement Payment.** Ms. Goodin represents and warrants that she has received approval from Members 1st Federal Credit Union ("Members 1st") for a refinance loan (the "Loan") on 469 Mountain Boulevard with proceeds in the amount of $125,000.00. Ms. Goodin agrees to pay the proceeds of the Loan in the amount of $125,000.00 (the "Settlement Payment") to the Trustee. This Agreement is contingent upon the closing of the Loan (the "Closing"). Accordingly, the Parties agree as follows:

a.      **Mr. Lyons to Transfer Interest In 469 Mountain Boulevard To Ms. Goodin.** Within five (5) days of the Effective Date, Mr. Lyons will take all steps necessary to transfer his interest in 469 Mountain Boulevard to Ms. Goodin, including, but not limited to, executing a quit claim deed substantially in the form attached hereto as **Exhibit A**.

b.      **Closing of the Loan.** The Closing of the Loan is scheduled for February 21, 2020 (the "Closing Date"). Ms. Goodin shall act in good faith with regard to the Closing and will take all steps necessary to ensure that the Loan closes by the Closing Date. Time is of the essence with respect to the Closing. At the Closing, the Settlement Payment will be wired to the Trustee. Ms. Goodin acknowledges receipt of wiring instructions from the Trustee and will provide the wiring instructions to Members 1st in advance of the Closing.

2

107167143.v2

4.      **Property of Debtors.** Ms. Goodin covenants and represents that, to the best of her knowledge, with the exception of the proceeds used to purchase 469 Mountain Boulevard, she has not received any direct or indirect payments or transfers of property from the Debtors.

5.      **Release of the Trustee by Ms. Goodin.** As of the Effective Date, and in consideration of the provisions set forth in this Agreement, Ms. Goodin and her agents, heirs, successors, assigns, personal representatives, attorneys, and anyone claiming through or on behalf of Ms. Goodin, hereby remise, release and forever discharge the Trustee and the Debtors' estates, from any and all claims, actions, liabilities, debts and causes of action, whatsoever, whether in law or in equity, whether known or unknown, which Ms. Goodin has, ever had, might have had or might have in the future, arising out of or in connection with, in whole or in part, and relating in any way to the allegations set forth in the Adversary Action, and all other disputes arising out of or related to the Debtors' bankruptcy cases, from the beginning of time to the end of time.

6.      **Release of Ms. Goodin by the Trustee.** In consideration of the provisions set forth in this Agreement, upon the Trustee's receipt of the Settlement Payment as provided above, the Trustee, in her capacity as the Chapter 7 Trustee for the bankruptcy estates of the Debtors, and the Debtors' estates, hereby knowingly and voluntarily release and forever discharge Ms. Goodin and her agents, heirs, successors, executors, assigns, attorneys, accountants, and personal representatives (the "Ms. Goodin Released Parties"), only, from any and all suits, causes of action, complaints, charges, obligations, demands, or claims of any kind, whether in law or in equity, direct or indirect, known or unknown, which the Trustee and/or Debtors' estates ever had or now have against the Ms. Goodin Released Parties, arising out of or in connection with, in whole or in part, and relating in any way to the allegations set forth in the the Adversary Action, and all other disputes arising out of or relating to any matter concerning the administration of the Debtors' bankruptcy estates under any state or federal law, including, but not limited to, the Pennsylvania Uniform Voidable Transactions Act, or any other Pennsylvania statute, and the United States Bankruptcy Code. This release includes, but is not limited to, any and all claims that the Trustee and/or the Debtors' estates ever had or now have against the Ms. Goodin Released Parties, only, for unjust enrichment, conversion, avoidance and recovery of fraudulent transfers pursuant to 12 Pa. C.S. § 5101, et seq., and 11 U.S.C. § 544 and turnover pursuant to 11 U.S.C. § 542, any and all claims for compensatory or punitive damages, and any and all claims for attorneys' fees and costs. It is expressly understood and agreed that by signing this Agreement, the Trustee does not relinquish and expressly reserves her right to pursue any and all claims, causes of actions, suits, and demands whatsoever, whether known or unknown, including, but not limited to, the claims asserted in the Adversary Action, against any parties, persons, or entities, other than the Ms. Goodin Released Parties, including, but not limited to, Mr. Lyons, Robert Seth Obetz, Robert W. Obetz, Jr., Judith A. Avilez, Karen L. Connelly, Marjorie S. Obetz, Melissa Obetz, Molly S. Obetz, Samuel J. Obetz, Howard W. Cramer, Jr., Kathleen A. Cramer, 149 Doe Run Road, LP, 149 Doe Run Road, GP, LLC, 202 Greenfield, LP, 202 Greenfield General, LLC, 535 Stiegel Valley Road, LLC, Doe Run Road, LLC, OL Partners, LLC, G-Force Sportfishing, Inc., JW Bishop Properties, LLC, Lyons & Obetz, and JSB Retention, LLC (the "Remaining Defendants"), including, but not limited to, the Trustee's right to claim that the Remaining Defendants, and not Ms. Goodin, are liable to the Trustee for any and/or all injuries, losses and damages. Ms. Goodin and the Trustee expressly agree and

3

acknowledge that the Trustee reserves all rights, waiving none, regarding the claims asserted against the Remaining Defendants in the Adversary Action, subject to the terms and provisions of the Limited Release of Mr. Lyons, as set forth in Paragraph 8 below, and subject to the terms and provisions of the Settlement Agreement between Mr. Lyons and the Trustee, executed in June 2019 and approved by the Bankruptcy Court on July 3, 2019 . The release set forth in this Paragraph is effective only upon the Trustee's receipt of the Settlement Payment, in full.

7.    **Limited Release of the Trustee by Mr. Lyons.** In consideration of the provisions set forth in this Agreement, Mr. Lyons and his agents, heirs, successors, assigns, personal representatives, attorneys, and anyone claiming through or on behalf of Mr. Lyons, hereby remise, release and forever discharge the Trustee and the Debtors' estates, from any and all claims, actions, liabilities, debts and causes of action, whatsoever, whether in law or in equity, whether known or unknown, which Mr. Lyons has, ever had, might have had or might have in the future, relating to 469 Mountain Boulevard. The release provided in this paragraph will be effective upon the filing of a Stipulation of Dismissal signed by all parties pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), or the entry of a final, non-appealable Judgment or Order fully resolving all claims in the Adversary Action, including, but not limited to, the claims asserted against and by the Remaining Defendants.

8.    **Limited Release of Mr. Lyons by the Trustee.** In consideration of the provisions set forth in this Agreement, and upon the filing of a Stipulation of Dismissal signed by all parties pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), or the entry of final, non-appealable Judgment or Order fully resolving all claims in the Adversary Action, including, but not limited to, the claims asserted against and by the Remaining Defendants, the Trustee, in her capacity as the Chapter 7 Trustee for the bankruptcy estates of the Debtors, will knowingly and voluntarily release and forever discharge Mr. Lyons, **only**, from the claims asserted against Mr. Lyons as they relate to 469 Mountain Boulevard, **only**. This release shall in no way be interpreted as a release of, or an agreement to settle, any of the claims, counts, or causes of action asserted in the Amended Complaint filed by the Trustee in the Adversary Action (the "Amended Complaint"), against Mr. Lyons or any of the Remaining Defendants, except for the limited purpose of resolving the Parties' disputes over the ownership and rights to 469 Mountain Boulevard. It is expressly understood and agreed that the Trustee will pursue all claims, counts, and causes of action asserted in the Amended Complaint against Mr. Lyons and the Remaining Defendants, subject to the terms and provisions of the Settlement Agreement between Mr. Lyons and the Trustee, executed in June 2019 and approved by the Bankruptcy Court on July 3, 2019. It is expressly understood and agreed that by signing this Agreement, the Trustee does not relinquish and expressly reserves her right to pursue and recover any and all other property (real or otherwise) or assets belonging to, purportedly belonging to, or in the possession of, Mr. Lyons, and/or his agents, heirs, successors, assigns, attorneys, accountants, or personal representatives. It is expressly understood and agreed that by signing this Agreement, the Trustee does not relinquish and expressly reserves her right to pursue any and all claims, causes of action, suits, and demands whatsoever, whether known or unknown, relating to or arising out of Mr. Lyons's role as an officer, director, employee, shareholder, and/or insider of the Debtors, against any parties, persons, or entities (other than Ms. Goodin as set forth in Paragraph 6 above), including, but not limited to, the Trustee's right to claim that the Remaining Defendants, and not Mr. Lyons, are liable to the Trustee for any and/or all injuries, losses and damages.

4

107167143.v2

Nothing contained in this Agreement shall be construed to release, alter, or affect any other claims or causes of action that the Trustee may have against Mr. Lyons relating to the administration of the Debtors' bankruptcy estates. Nothing contained in this Agreement shall be construed to release, alter, or affect any claims or causes of action that the Trustee has or may have against Mr. Lyons's agents, heirs, successors, assigns, attorneys, accountants, or personal representatives.

9.      **Release of Mr. Lyons by Ms. Goodin.**  In consideration of the provisions set forth in this Agreement, Ms. Goodin and her agents, heirs, successors, assigns, personal representatives, attorneys, and anyone claiming through or on behalf of Ms. Goodin, hereby remise, release and forever discharge Mr. Lyons and his agents, heirs, successors, assigns, personal representatives, and attorneys, from any and all claims, actions, liabilities, debts and causes of action, whatsoever, whether in law or in equity, whether known or unknown, which Ms. Goodin has, ever had, might have had or might have in the future, arising out of or in connection with, in whole or in part, and relating in any way to the allegations set forth in the Adversary Action, and all other disputes arising out of or related to the Debtors' bankruptcy cases, from the beginning of time to the end of time.

10.      **Release of Ms. Goodin by Mr. Lyons.**  In consideration of the provisions set forth in this Agreement, Mr. Lyons and his agents, heirs, successors, assigns, personal representatives, attorneys, and anyone claiming through or on behalf of Mr. Lyons, hereby remise, release and forever discharge Ms. Goodin and her agents, heirs, successors, assigns, personal representatives, and attorneys, from any and all claims, actions, liabilities, debts and causes of action, whatsoever, whether in law or in equity, whether known or unknown, which Mr. Lyons has, ever had, might have had or might have in the future, arising out of or in connection with, in whole or in part, and relating in any way to the allegations set forth in the Adversary Action, and all other disputes arising out of or related to the Debtors' bankruptcy cases, from the beginning of time to the end of time.  Further, the release of claims includes any and all claims to an interest in 469 Mountain Boulevard.

11.      **No Release as to Remaining Defendants; Survival of Claims.**  This Agreement shall confer no rights whatsoever upon any third party or entity, unless expressly set forth herein. Except as set forth in Paragraph 8, the Trustee's claims against the Remaining Defendants expressly survive this Agreement and the Trustee does not provide a release of any kind with respect to the Remaining Defendants and/or any other potentially responsible Party relating to the claims that have been asserted or could be asserted in the Adversary Action, and/or any other claims relating to the administration of the Debtors' bankruptcy estates. The Trustee specifically reserves all equitable and legal rights and may pursue any and all claims the Trustee had, has, or may have against the Remaining Defendants, and their respective directors, officers, shareholders, principals, agents, heirs, successors, assigns, personal representatives, and/or attorneys, including, without limitation all claims, matters, and disputes involved in the Adversary Action, except for those claims directly related and limited to 469 Mountain Boulevard.

12.      **No Admission and Protected Communications Under FRE 408.**  This Agreement is a compromise and settlement of disputed claims. The settlement memorialized in

5

107167143.v2

this Agreement and all negotiations, statements and proceedings in connection therewith shall not be offered as or in any way construed as or deemed to be evidence of an admission or concession on the part of any party to this Agreement of any liability or wrongdoing on their part, which liability or wrongdoing is hereby expressly denied and disclaimed, and shall not be used against any party to this Agreement in any pending or future action or proceeding except to enforce the terms hereof.

13.      **Entire Agreement.** This Agreement sets forth the entire agreement and understanding of the Parties hereto with respect to the subject matter herein and supersedes and merges all prior oral and written agreements, discussions and understandings between the Parties with respect thereto, and none of the Parties shall be bound by any conditions, inducements or representations other than as expressly provided for herein.

14.      **Amendment.** No term of this Agreement may be waived, modified or amended except in writing signed by the Party against whom enforcement of the waiver, modification or amendment is sought.

15.      **Authority to Execute Agreement.** Each Party covenants and represents that it is fully authorized to enter into this Agreement and to carry out the obligations provided for in this Agreement. Where a person has executed this Agreement on behalf of a Party, that person covenants, warrants, and represents that he or she is authorized to do so by that Party.

16.      **Governing Law.** This Agreement shall be governed by Pennsylvania law, without regard to principles of conflicts of laws. Each of the Parties shall pay its own respective costs and attorneys' fees incurred with respect to all of the issues or matters set forth or referenced in this Agreement.

17.      **Severability.** In the event that any provision of this Agreement should be held to be void, voidable, or unenforceable, the remaining portions shall remain in full force and effect.

18.      **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile, each of which shall be deemed an original, but all of which together constitute one and the same instrument. Facsimile and electronic copies of executed copies of this Agreement shall be deemed the equivalent of an original copy of this Agreement for all purposes.

[SIGNATURE PAGE FOLLOWS]

6

107167143.v2

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed the day and year first written above.

FOX ROTHSCHILD LLP

By:_____
Michael G. Menkowitz, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA  19103-3222
215-299-2000; 215-299-2150 (Fax)
mmenkowitz@foxrothschild.com
*Attorneys for Christine C. Shubert, Chapter 7 Trustee for the Estates of Worley & Obetz, Inc., et al.*

NIKOLAUS & HOHENADEL, LLP

By:_____
Matthew Bleacher, Esquire
212 North Queen Street
Lancaster, PA  17603
717-299-3762; 717-299-1811 (Fax)
mbleacher@n-hlaw.com
*Attorneys for Michele Goodin*

By:_____
Jeffrey B. Lyons

7

107167143

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed the day and year first written above.

**FOX ROTHSCHILD LLP**

By:_____
Michael G. Menkowitz, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
215-299-2000; 215-299-2150 (Fax)
mmenkowitz@foxrothschild.com
*Attorneys for Christine C. Shubert, Chapter 7*
*Trustee for the Estates of Worley & Obetz,*
*Inc., et al.*

By:_____
Jeffrey B. Lyons

**NIKOLAUS & HOHENADEL, LLP**

By:_____
Matthew Bleacher, Esquire
212 North Queen Street
Lancaster, PA 17603
717-299-3762; 717-299-1811 (Fax)
mbleacher@n-hlaw.com
*Attorneys for Michele Goodin*

7

107167143