# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>WORLEY & OBETZ, INC., *et al.*,<br><br>Debtors. | CHAPTER 7<br><br>Case No. 18-13774 (REF)<br>(Jointly Administered) |
| **CHRISTINE C. SHUBERT,** Chapter 7 Trustee for the Estates of Worley & Obetz, Inc., *et al.*;<br>Plaintiff,<br><br>vs.<br><br>**ROBERT SETH OBETZ**, *et al*.;<br>Defendants. | Adv. No. 18-00235 (REF) |

### CHAPTER 7 TRUSTEE'S MOTION TO APPROVE
### AND ENFORCE SETTLEMENT AGREEMENT BETWEEN
### <u>TRUSTEE AND REMAINING DEFENDANTS</u>

Christine C. Shubert, Chapter 7 Trustee ("<u>Trustee</u>") for the jointly administered estates of Worley & Obetz, Inc., *et al.* (the "<u>Debtors</u>"), by and through her attorneys, Fox Rothschild LLP, requests the entry of an Order approving and enforcing the Settlement Agreement by and between the Trustee and Defendants, Jeffrey B. Lyons, Julie H. Lyons, Judith A. Avilez, Robert Seth Obetz, Robert W. Obetz, Jr., Marjorie S. Obetz, Melissa Obetz, Molly Obetz, Samuel J. Obetz[2], Howard W. Cramer, Jr., Kathleen A. Cramer, Lyons & Obetz, 202 Greenfield General LLC, 202 Greenfield, LP, Doe Run Road, LLC, 149 Doe Run Road, LP, 149 Doe Run Road GP, LLC, JW Bishop Properties LLC, 535 Stiegel Valley Road, LLC, OL Partners, LLC, G-Force

---

[2] Robert Seth Obetz, Robert W. Obetz, Jr., Marjorie S. Obetz, Melissa Obetz, Molly Obetz, and Samuel J. Obetz are referred to collectively herein as the "Obetz Family Members."

112634524.v2

Sportfishing, Inc., and JSB Retention LLC (collectively, the "Remaining Defendants"). In support of this Motion, the Trustee respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is Fed. R. Bankr. P. 9019.

## BACKGROUND

**A.    Bankruptcy Procedural Background**

4. On June 6, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

5. On the same day, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect.

6. On June 19, 2018, the Court entered an order directing the joint administration of the Debtors' bankruptcy cases for procedural purposes only pursuant to Fed. R. Bankr. P. 1015(b).

7. On October 15, 2018, the Trustee filed a Complaint against the Remaining Defendants, among others, in the Bankruptcy Court, which case is captioned as Christine C. Shubert v. Robert Seth Obetz, et al., Case No. 18-00235 (the "Adversary Action").

8. The Adversary Action arises out of a massive fraudulent scheme implemented by the Debtors' principal officer, Jeffrey B. Lyons ("Mr. Lyons"), whereby Mr. Lyons and his co-conspirators overstated the Debtors' gross revenue by approximately $1,995,447,000.00, and

5

misrepresented the Debtors' finances to obtain millions of dollars in loans from financial institutions and other creditors.

9.  While Mr. Lyons and his co-conspirators were perpetrating their fraudulent scheme, the directors, officers, and managers of the Debtors (the majority of which are members of the Obetz family) failed to effectively oversee the Debtors' businesses by neglecting to establish and monitor sufficient financial controls and supervise and direct the actions of Mr. Lyons and his co-conspirators.

10. As a result of Mr. Lyons's fraudulent scheme, and the gross mismanagement of the Debtors' directors and officers, including, but not limited to, Robert Seth Obetz, the Debtors incurred damages in excess of $50,000,000.00.

### B.  Negotiation of the Agreement Between the Parties

11. Since commencing the Adversary Action, the Trustee and the Remaining Defendants (together, the "Parties") have conducted extensive, arms-length negotiations to resolve the Adversary Action.

12. The negotiations have involved the Debtors' directors and officers insurance carriers, United States Liability Insurance Company ("USLI") and Travelers Casualty and Surety Company of America ("Travelers," with USLI, the "Insurers").

13. On May 29, 2020, the following individuals attended and participated in a full-day of Court-appointed mediation before Peter Woodin, Esquire (the "Mediation"):

   a. The Trustee and her undersigned counsel;

   b. John J. Shea, Esquire ("Attorney Shea"), on behalf of the Obetz Family Members;

   c. Eric Fitzgerald, Esquire ("Attorney Fitzgerald") and claims representative, Emily Hynes, on behalf of USLI; and

6

    d. William Thomas, claims representative for Travelers.

14. Through the Mediation, the Trustee, Attorney Shea (on behalf of the Obetz Family Members), and the Insurers, through their respective representatives and counsel, reached an agreement to settle and resolve all of the Trustee's remaining claims in this Adversary Action according to the following terms:

    a. **Settlement Payments To The Trustee**. The Insurers shall issue payments to the Trustee as follows (the "Settlement Payments"):

        i. USLI, on behalf of Judith A. Avilez, Karen L. Connelly, Michele K. Klusewitz, a/k/a Michele Kelly, Jeffrey B. Lyons, Julie Lyons, Molly S. Obetz, Samuel J. Obetz, Melissa Obetz, Robert Seth Obetz, Robert W. Obetz, Jr., and Marjorie Obetz shall issue a lump sum payment to the Trustee in the amount of $1,640,000.00; and

        ii. Travelers, on behalf of Robert W. Obetz, Jr., Marjorie Obetz, Robert Seth Obetz, Melissa Obetz, Jeffrey B. Lyons, and Julie Lyons, shall issue a lump sum payment to the Trustee in the amount of $650,000.00.

    b. **Policy Release.** All individuals insured under the Directors and Officers liability insurance policies issued by USLI and Travelers (the "D&O Policies"), including, but not limited to, all of the Obetz Family Members, shall release the Insurers from any further obligations under the D&O Policies (the "Policyholder Releases").

    c. **Turnover of Interest in the Properties.** The Remaining Defendants shall execute all documents necessary to transfer to the Trustee all of the Remaining Defendants' respective rights, titles, responsibilities, and interest in and to the real properties located at: 55 Doe Run Road, Manheim, Pennsylvania; 41 Doe Run Road, Manheim, Pennsylvania; 202 Greenfield Road, Manheim, Pennsylvania; 62 Doe Run Road, Manheim, Pennsylvania; 45 Doe Run Road, Manheim, Pennsylvania; 40127 Fenwick Avenue, Fenwick Island, Delaware; 149 Doe Run Road, Manheim, Pennsylvania; 316 North Elmer Avenue, Sayre, Pennsylvania; 318 North Elmer Avenue, Sayre, Pennsylvania; 413 North Lehigh Avenue, Sayre, Pennsylvania; 415 North Leigh Avenue, Sayre, Pennsylvania; and 417 North Lehigh Avenue, Sayre, Pennsylvania.

    d. **Turnover of Interests in Summit Shares.** Jeffrey B. Lyons, Robert Seth Obetz, Robert W. Obetz, Jr., and JSB Retention, LLC shall assign,

7

      transfer, and convey to the Trustee, all of their rights, titles, and interests in and to the their shares of Summit Insurance Ltd. (the "Summit Shares"), and any and all dividends, distributions, and other rights and privileges incidental to their ownership of the Summit Shares.

    e. **Turnover of Interests in OL Partners, LLC.** Robert Seth Obetz and Jeffrey B. Lyons shall assign, transfer, and convey to the Trustee, all of their rights, titles, and interests in and to OL Partners, LLC and all assets owned by OL Partners, LLC (the "OL Partners' Assets").

    f. **Mutual Release.** Upon satisfaction of the obligations stated above, the Parties and their respective agents, heirs, successors, assigns, personal representatives, attorneys, and anyone claiming through or on behalf of them, shall remise, release and forever discharge each other and their respective agents, heirs, successors, assigns, personal representatives, attorneys, and anyone claiming through or on behalf of them, from any and all claims, actions, liabilities, debts and causes of action, whatsoever, whether in law or in equity, whether known or unknown, which the Parties and anyone claiming through or on behalf of them have, ever had, might have had or might have in the future, arising out of or in connection with, in whole or in part, and relating in any way to the allegations set forth in the Adversary Action, and all other disputes arising out of or related to the Debtors' bankruptcy cases, from the beginning of time to the end of time.

15. On June 17, 2020, counsel for the Trustee sent a draft written settlement agreement (the "Draft Settlement Agreement") and a USLI Policyholder Release to Attorney Shea (on behalf of the Obetz Family Members) and Attorney Fitzgerald (on behalf of USLI). [See Email from Danielle E. Ryan, Esquire dated June 17, 2020, attached hereto as Exhibit A].

16. Attorney Shea responded on July 3, 2020, advising that Robert Seth Obetz was reneging on his agreement to release the Insurers and was refusing to execute the Policyholder Release. [See Email from Attorney Shea dated July 3, 2020, attached as Exhibit B].

17. On July 17, 2020, Attorney Shea circulated minor and non-material revisions to the Draft Settlement Agreement and again advised that Robert Seth Obetz still was refusing to execute the Policyholder Release, in breach of the agreement reached at the Mediation. [See Email from Attorney Shea dated July 17, 2020, attached as Exhibit C].

8

112634524.v2

18. A final draft of the Settlement Agreement, which incorporates Attorney Shea's comments, is attached hereto as Exhibit D (the "Final Settlement Agreement").

19. Counsel for the Insurers and Judith Avilez have confirmed that their clients consent to the terms of the Final Settlement Agreement. [See Email from Attorney Fitzgerald dated July 28, 2020, attached hereto as Exhibit E; Email from Mr. Thomas dated July 14, 2020, attached hereto as Exhibit F; Email from William Rush, Esquire (counsel for Judith Avilez) dated July 28, 2020, attached hereto as Exhibit G].

20. Counsel for the Trustee provided the Final Settlement Agreement to counsel for Mr. and Mrs. Lyons. Due to Mr. Lyons's incarceration, his counsel has advised that additional time is needed to obtain Mr. Lyons's feedback. However, counsel for the Trustee conferred with Mr. Lyons's counsel following the Mediation and Mr. Lyons's counsel represented that Mr. Lyons agreed in principal to the settlement terms reached at the Mediation, without specifically agreeing to the USLI policy release request.

21. Despite the Trustee's repeated demand, Robert Seth Obetz refuses to comply with the agreement he made at the Mediation to release the Insurers and refuses to execute the Final Settlement Agreement.

22. Robert Seth Obetz's refusal to comply with the agreement he made at the Mediation to release the Insurers is the only thing preventing the Parties from finalizing the terms of the settlement and resolving this multi-million dollar Adversary Action.

**RELIEF REQUESTED**

23. The Trustee respectfully requests that the Court enter an Order (1) approving the Final Settlement Agreement pursuant to Bankruptcy Rule 9019, (2) enforcing the Final Settlement Agreement by compelling the Obetz Family Members to execute the Final Settlement

Agreement and the Policyholder Releases attached thereto, and (3) ordering Robert Seth Obetz to pay the Trustee's attorneys' fees and costs incurred as a result of this Motion.

## BASIS FOR RELIEF REQUESTED

24. The Trustee respectfully requests that the Court (1) approve the Final Settlement Agreement pursuant to Bankruptcy Rule 9019, and (2) enforce the Final Settlement Agreement pursuant to its inherent authority by compelling the Obetz Family Members to execute the Final Settlement Agreement and the Policyholder Releases attached thereto.

**The Court Should Approve The Settlement Agreement Pursuant to Bankruptcy Rule 9019**

25. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor. . . and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a); see also Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996).

26. The Trustee is obligated to maximize the value of the estate and make her decisions in the best interests of all of the creditors of the estate. See Martin, 91 F.3d at 394. The Trustee believes that, in her business judgment, entry of the Settlement Agreement is in the best interests of the estate and all of the creditors. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. See Martin, 91 F.3d at 395.

27. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Id. at 393. In striking this balance, courts should consider four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved,

10

and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Id. (citation omitted).

28. The Parties engaged in good faith, arms-length settlement negotiations in entering into the Settlement Agreement.

29. The Settlement Agreement should be approved because (i) sound business justification supports it, (ii) it is reasonable, and (iii) the four (4) Martin factors weigh in favor of approval. In light of, among other things, the additional costs associated with litigating the claims and disputes between the Parties, and the difficulty in collection, the Trustee submits, in the exercise of her business judgment, that the Final Settlement Agreement proposed herein is reasonable, will maximize the benefit to the Estates with the least cost, and will increase the amount of proceeds that can be distributed to other creditors. The Trustee believes that the paramount interest of the creditors favors approval of the Settlement Agreement.

30. Therefore, based on the foregoing, the Court's approval of the Final Settlement Agreement is appropriate and in the best interest of the Estates and their creditors.

**The Court Should Enforce The Settlement Agreement Pursuant To Its Inherent Authority**

31. In addition to approving the Final Settlement Agreement pursuant to Bankruptcy Rule 9019, the Court should enforce the Final Settlement Agreement pursuant to its inherent authority, by compelling the Obetz Family Members, including, but not limited to, Robert Seth Obetz, to execute the Final Settlement Agreement and the Policyholder Releases attached thereto.

32. "[A] trial court has jurisdiction to enforce a settlement agreement made by litigants in a pending case. This jurisdiction is founded on the strong public policy favoring the settlement of disputes and avoidance of costly and time consuming litigation." In re Johnson, No. 02-34686-SR, 2004 WL 5856051, at *5–6 (Bankr. E.D. Pa. Dec. 2, 2004) (citing Pugh v.

11

Case 18-00235-mdc    Doc 230    Filed 07/30/20    Entered 07/30/20 17:38:23    Desc Main
                            Document      Page 9 of 11

Super Fresh Food Markets. Inc., 640 F. Supp. 1306, 1307 (E.D. Pa. 1986); Rosso v. Foodsales. Inc., 500 F. Supp. 274, 276 (E.D. Pa. 1980)).

33.     A settlement agreement is contractual in nature; the essential ingredient of a binding agreement is the parties' mutual assent to the terms and conditions of the settlement.  See Main Line Theatres, Inc. v. Paramount Film Distributing Corp., 298 F.2d 801, 803 (3d Cir. 1962); Pugh, 640 F. Supp. at 1306.

34.     Furthermore, "'[a]n agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." In re Paolino, 78 B.R. 85, 89 (Bankr. E.D. Pa. 1987) (quoting Morris v. Gaspero, 522 F. Supp. 121 (E.D. Pa. 1981)); see also In re Conston Corp., Inc., 130 B.R. 449, 454 (Bankr. E.D. Pa. 1991); see Pennwalt, 676 F.2d at 79 ("[T]he settlement agreement is a contract.").

35.     A "settlement agreement is still binding even if it is clear that a party had a change of heart between the time he agreed to the terms of the settlement and when those terms were reduced to writing." In re Johnson, 2004 WL 5856051, at *5 (citing Pugh, 640 F. Supp. at 1308).

36.     Additionally, pursuant to Local Bankruptcy Rule 9019-2(n)(4), whoever attends mediation on behalf of party must have the authority to bind that party to any settlement reached at the mediation.  See Local Bankruptcy Rule 9019-2(n)(4).

37.     Robert Seth Obetz and the other Obetz Family Members entered into a binding settlement agreement with the Trustee and the Insurers at the Mediation, whereby the Obetz Family Members agreed to release the Insurers of their obligations under the D&O Policies.

38.     Attorney Shea represented the Obetz Family Members at the Mediation and was expressly authorized to agree to the terms of the settlement, including, but not limited to, the

12

release of the Insurers, on behalf of the Obetz Family Members.  See Local Bankruptcy Rule 9019-2(n)(4).

39. Robert Seth Obetz has, without justification or defense, reneged on his agreement to release the Insurers, in breach of the settlement agreement reached at the Mediation.

40. Accordingly, the Trustee respectfully requests that the Court enforce the terms of the settlement reached at the Mediation by compelling the Obetz Family Members to execute the Final Settlement Agreement and the Policyholder Releases attached thereto.  In re Johnson, 2004 WL 5856051, at *5.

## NOTICE

41. This Motion has been provided to (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) counsel for the Debtors; (iii) Fulton Bank and its counsel; (iv) other secured creditors and their counsel, if known; (v) counsel for Connelly; and notice of this Motion to (vi) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002 at the time the Trustee filed the Motion; and (vii) in accordance with this Court's August 1, 2018 *Order Pursuant to 11 U.S.C. §§ 102 and 105(a) and Fed. R. Bankr. P. 2002(m) and 9007 Establishing Notice and Service Procedures* [D.I. 265].  The Trustee submits that such notice is proper and adequate and no further notice is necessary or required.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an Order (1) approving the Final Settlement Agreement pursuant to Bankruptcy Rule 9019, (2) enforcing the Final Settlement Agreement by compelling the Obetz Family Members to execute the Final

13

112634524.v2

Settlement Agreement and the Policyholder Releases attached thereto, and (3) ordering Robert Seth Obetz to pay the Trustee's attorneys' fees and costs incurred as a result of this Motion.

        Respectfully submitted,

        **FOX ROTHSCHILD LLP**

        By: */s/ Michael G. Menkowitz*
        Michael G. Menkowitz, Esquire
        Craig A. Styer, Esquire
        2000 Market Street, Twentieth Floor
        Philadelphia, PA 19103-3222
        Phone (215) 299-2000/Fax (215) 299-2150
        mmenkowitz@foxrothschild.com
        cstyer@foxrothschild.com

        *Attorneys for Christine C. Shubert, Chapter 7 Trustee for the Estates of Worley & Obetz, Inc., et al.*

Dated: July 30, 2020

112634524.v2