# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>WORLEY & OBETZ, INC., et al.,<br><br>        Debtors,<br>_____<br><br>CHRISTINE C. SHUBERT, Chapter 7 Trustee for the Estates of Worley & Obetz, Inc., et al.<br><br>        Plaintiff,<br><br>   v.<br><br>ROBERT SETH OBTEZ, an individual;<br>ROBERT W. OBETZ, JR., an individual;<br>JEFFREY B. LYONS, an individual; JUDITH A. AVILEZ, an individual; KAREN L. CONNELLY, an individual; MARJORIE S. OBETZ, an individual; MELISSA OBETZ, an individual,<br>JULIE LYONS, an individual;<br>MOLLY S. OBETZ, an individual;<br>SAMUEL J. OBETZ, an individual;<br>HOWARD W. CRAMER, JR., an individual;<br>KATHLEEN A. CRAMER, an individual;<br>MICHELE K. KLUSEWITZ, a/k/a;<br>MICHELE KELLY, an individual;<br>149 DOE RUN ROAD, LP, a Pennsylvania limited partnership;<br>149 DOE RUN ROAD, GP, LLC, a Pennsylvania limited liability company;<br>202 GREENFIELD, LP, a Pennsylvania limited partnership;<br>202 GREENFIELD GENERAL, LLC, a Pennsylvania limited liability company;<br>535 STIEGEL VALLEY ROAD, LLC, a Pennsylvania limited liability company;<br>DOE RUN ROAD, LLC, a Pennsylvania limited liability company;<br>OL PARTNERS, LLC, a Pennsylvania limited liability company;<br>G-FORCE SPORTFISHING, INC., a Delaware corporation; | CHAPTER 7<br><br>Case No. 18-13774-REF<br> (Jointly Administered)<br><br>Adv. No. 18-00235 (REF) |

1

| | |
|---|---|
| JW BISHOP PROPERTIES, LLC, a Pennsylvania limited liability company; LYONS & OBETZ, a Pennsylvania general partnership; JSB RETENTION, LLC, a Pennsylvania limited liability company; SETH ENERGY, LLC, a Pennsylvania limited liability company; and SHIPLEY ENERGY COMPANY, a Pennsylvania corporation,<br><br>                                        Defendants. | |

## CERTAIN DEFENDANTS' OPPOSITION TO
## THE TRUSTEE'S MOTION TO ENFORCE SETTLEMENT

Defendants, Robert Seth Obetz, Melissa Obetz, Robert W. Obetz, Jr., Marjorie S. Obetz, Molly S. Obetz, Samuel J. Obetz, Howard W. Cramer, Jr., Kathleen Cramer, 149 Doe Run Rd., LP, 149 Doe Run Rd., GP, LLC, 202 Greenfield, LP, 202 Greenfield General, LLC, 535 Stiegel Valley Road, LLC, Doe Run Road, LLC, OL Partners, LLC, G-Force Sportfishing, Inc., JSB Retention, LLC, Lyons & Obetz and JW Bishop Properties, LLC ("Opposing Defendants"), by and through their respective undersigned counsel, hereby submit the following in Opposition to the Trustee's Motion to Approve and Enforce Settlement Agreement Between the Trustee and Remaining Defendants.

## JURISDICTION

1. Admitted.

2. Admitted.

3. Admitted.

## BACKGROUND

**A. Bankruptcy Procedural Background**

4. Admitted.

2

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted only as to the allegations of the fraudulent scheme by Mr. Lyons and his co-conspirators. Denied as to the remaining allegations.

9. Denied.

10. Admitted only as to the allegations of the fraudulent scheme by Mr. Lyons and his co-conspirators. Denied as to the remaining allegations.

**B. <u>Negotiations of the Agreement Between the Parties</u>**

11. Opposing Defendants, speaking only for themselves and not the other defendants in the Adversary Proceeding, admit that they have conducted extensive negotiations with the Trustee and her counsel in an effort to resolve the Adversary Proceeding, and further admit that significant progress has been made, but deny that the negotiations are final.

12. Opposing Defendants, speaking only for themselves and not the other defendants in the Adversary Proceeding, admit that they the Trustee and her counsel entered into separate and private negotiations with the Directors & Officers insurance carriers for Worley & Obetz, United States Liability Insurance Company ("USLI"), and for Amerigreen Energy, Inc., Travelers Casualty & Surety Company of America ("Travelers").  However, the Opposing Defendants, and primarily the Obetz Family Defendants who are the Insureds under the USLI and Travelers Directors & Officers insurance policies, specifically deny that have negotiated the terms and conditions of those policies with the Trustee or the respective carriers.

13. Denied as stated. While mediation was discussed with the Court at an initial case management conference, the May 29, 2020 mediation was not a court ordered mediation as it did not involve any parties to the Adversary Proceeding except for the Trustee. The May 29, 2020 mediation before Peter Wooden, Esquire was arranged by representatives of USLI, Travelers and the Trustee. By way of further response, attached hereto as Exhibit "A" is a May 13, 2020 email between counsel for the Trustee, counsel for USLI and the undersigned counsel in which the individual named defendants in the Adversary Proceeding, and the Insureds under the USLI and Travelers insurance policies, were specifically instructed **NOT** to attend the May 29, 2020 mediation session per the direction of the Trustee, her counsel and counsel for USLI. In fact, the email specifically states:

> "I spoke to Mike and we think that the mediation should be limited to the carriers and the Trustee. He is confident the individual debtors will agree to the settlement after we have reached an understanding at the mediation. However, if we invite one, we may need to invite others, and we won't be able to facilitate a settlement. We do not anticipate reaching a binding resolution at the mediation, just a Memorandum of Understanding that we can use to complete the agreement with the individual debtors afterwards."
>
> (*See* Exhibit "A").

Indeed, none of the named defendants in the Adversary Proceeding attended the May 29, 2020 mediation. By way of further response:

   a. Admitted the Trustee, her counsel and her forensic accountant attended the mediation.

    b. Admitted that John D. Shea, Esquire attended the May 29, 2020 mediation at the request of counsel for USLI and the Traveler's representative. It is denied his attendance was on behalf of the Obetz Family Defendants, who were specifically asked not to attend per Exhibit "A" hereto, and further, Attorney Shea only represents four of the Obetz Family Defendants in this case. The other two individual Obetz Family Defendants are represented by Jeffrey Kurtzman, Esquire, and he was not invited to attend the May 29, 2020 mediation either.

    c. Admitted.

    d. Admitted.

14. Denied. The only issue negotiated at the May 29, 2020 mediation with Mediator Peter Wooden, Esquire was the contribution from the Worley & Obetz USLI Directors & Officers insurance policy and the Amerigreen Travelers Directors & Officers insurance policy. There were no negotiations whatsoever between the Trustee or her counsel and any of the Opposing Defendants. This was a mediation between the Trustee and the Directors & Officers insurance companies, and that is all. Per the email attached hereto as Exhibit "A", that was by design. Virtually all of the other terms included in section c., d., e. and f. of the draft agreement attached to the trustee's Motion had previously been negotiated and agreed to by the Opposing Defendants and the Trustee and her counsel in November 2019.

15. Admitted only that a draft of the Settlement Agreement and the USLI release were emailed from counsel for the Trustee on June 17, 2020. The remainder is denied.

16. Denied. Robert Seth Obetz cannot renege on an agreement he did not make, and he cannot renege on behalf of other people. The Trustee, her counsel and counsel for USLI excluded the Obetz Family Defendants and others on purpose from the May 29, 2020 Mediation,

5

and conceded that "[w]e do not anticipate reaching a binding resolution at mediation, just a Memorandum of Understanding that we can use to complete the agreement with the individual debtors afterwards." Therefore, The Obetz Family Defendants could not have consented to any proposed settlement discussed between the Insurers and the Trustee because they were not there to participate in the discussions and because there was not intended to be a final settlement at that mediation. By way of further response:

- Robert Seth Obetz, Melissa Obetz, Robert W. Obetz, Jr., Marjorie Obetz, Molly S. Obetz and Samuel J. Obetz are each Insureds, as that term is defined under the Worley & Obetz Directors & Officers insurance policy issued by USLI, and Robert Seth Obetz, Melissa Obetz, Robert W. Obetz, Jr. and Marjorie Obetz are each Insureds, as that term is defined under the Amerigreen Directors & Officers insurance policy issued by Travelers;

- Both USLI and Travelers agreed to defend their respective and joint Insureds in the Adversary Proceeding under there respective policies pursuant to a reservation of rights;

- Travelers has assigned this firm to defend Robert Seth Obetz, Melissa Obetz, Robert W. Obetz, Jr. and Marjorie Obetz, in the Adversary Proceeding under the Amerigreen Directors & Officers insurance policy;

- USLI agreed to defend Robert Seth Obetz, Melissa Obetz, Robert W. Obetz, Jr., Marjorie Obetz, Molly S. Obetz and Samuel J. Obetz in the Adversary Proceeding under the Worley & Obetz Directors & Officers Policy, but has not yet retained counsel for them;

6

- There are outstanding defense costs incurred by Obetz Family Defendants dating back to 2018 to various different attorneys which remain due and owing by the insurers which have not yet been resolved;

- There are reasonably anticipated and/or potential future claims in which the Obetz Family Defendants may need insurance coverage in the future arising out of the events which serve as the basis for the bankruptcy of Worley & Obetz and the claims presented in this Adversary Proceeding;

- The Obetz Family Defendants, and the other Insured Directors & Officers under the USLI and Travelers insurance policies, have a contractual right under the specific terms and conditions of the insurance policies to consent to any settlement under the insurance policies;

- Neither the Trustee, her counsel, nor USLI sought the consent of these Insureds under the USLI Directors & Officers insurance policies at or after the May 29, 2020 mediation when the terms of the coverage were discussed;

- The draft release circulated on June 17, 2020 indicated that USLI included language demanding a full policy release from all of its Insureds under the Worley & Obetz USLI Directors & Officers insurance policy, meaning no further claims could ever be made under that policy by any Insured, despite the fact there are remaining indemnification and defense funds available under the policy;

- Travelers has advised the Trustee, her counsel and their Insureds that it is not seeking a full policy release from its Insureds; and

- The Obetz Family Defendants cannot provide consent to a full policy release under the USLI policy when there are open claims for defense costs which have not been

7

resolved and when there are reasonably anticipated future claims against them for arising out the claims involved in this Bankruptcy and Adversary Proceeding for which the coverage may apply.

17. Opposing Defendants admit sending "Confidential Settlement Communications" (which are now part of the public record) which they believe were material edits to the draft agreement for the terms previously reached in November 2019, and continued to object to full policy release in favor of USLI, to which they never consented or agreed for all of the reasons set forth above.

18. Denied, as Opposing Defendants do not agree to the final draft of the Settlement Agreement attached to the Trustee's Motion.

19. Opposing Defendants cannot admit or deny.

20. Opposing Defendants cannot admit or deny.

21. Denied for all of the reasons set forth above.

22. Denied for all of the reasons set forth above.

## RELIEF REQUESTED

23. Denied.  The Court cannot compel The Obetz Family Defendants to accept a proposed term in a settlement agreement which the Trustee negotiated directly with the insurers, when The Obetz Family Defendants were specifically instructed not to participate in that negotiation by the Trustee and her counsel, and the Obetz Family Defendants have a contractual right to consent to any settlement under that insurance policy.  The Obetz Family Defendants do not want to derail this settlement, too much hard work has been done to get to this point and it is too close to completion.  However, for the reasons set forth above, and primarily the concern for reasonably anticipated future claims and/or

litigation against them arising out the facts and circumstances giving rise to the Worley & Obetz Bankruptcy and this Adversary Proceeding, Opposing Defendants cannot consent to the demand for a full policy release in favor of USLI. Further, given the facts and circumstances set forth in this Opposition, there is no basis whatsoever to award costs against any of the defendants as requested by the Trustee.

### **BASIS FOR RELIEF REQUESTED**

24. Denied for the reasons set forth above.

25. For the reasons set forth above Opposing Defendants request the Court deny the Trustee's Motion.

26. Opposing Defendants do not object to the monetary terms involved in this proposed settlement. It is the demand for a full policy release under the USLI policy which is contrary to the reasonably anticipated needs of the Obetz Family Defendants and to which they did not and do not consent.

27. Denied as stated. The value of the term in dispute, the full policy release of the USLI policy, is of no value to the Trustee. However, forfeiture of the remaining insurance coverage under that policy is of great importance and significant value to the Obetz Family Defendants in their capacity as former Directors & Officers of Worley & Obetz.

28. Denied. As set forth in Exhibit "A" hereto, The Obetz Family Defendants were specifically excluded from the negotiations regarding the insurance coverage on May 29, 2020, despite their contractual right to consent to any settlement. Admitted with respect to the other terms and conditions as set forth in the proposed Settlement Agreement as negotiated in November 2019.

29. Opposing Defendants do not object to the monetary terms involved in this proposed settlement, and with one minor exception which can be resolved the specific terms of subpart e., the agreement is acceptable. However, it is the forfeiture of the remaining insurance coverage under the USLI insurance policy which is of great importance and significant value to the Obetz Family Defendants in their capacity as former Directors & Officers of Worley & Obetz, and is a term to which they did not and do not agree.

30. Denied for all of the reasons set forth above.

31. Denied for all of the reasons set forth above.

32. Denied for all of the reasons set forth above.

33. Denied for all of the reasons set forth above.

34. Denied for all of the reasons set forth above.

35. Denied for all of the reasons set forth this above.

36. Denied that is what Local Rule 9019-2(n)(4) states. Further, Opposing Defendants were specifically asked not to attend the May 29, 2020 mediation by the Trustee, counsel for the Trustee and counsel for USLI.

37. Denied for all of the reasons set forth above.

38. Denied for all of the foregoing reasons and for the fact that Attorney Shea does not even represent all of the Obetz Family Defendants.

39. Denied for all of the reasons set forth above.

40. Denied for all of the reasons set forth above.

41. Admitted upon belief.

## **CONCLUSION**

Wherefore, Opposing Defendants Robert Seth Obetz, Melissa Obetz, Robert W. Obetz, Jr., Marjorie S. Obetz, Molly S. Obetz, Samuel J. Obetz, Howard W. Cramer, Jr., Kathleen Cramer, 149 Doe Run Rd., LP, 149 Doe Run Rd., GP, LLC, 202 Greenfield, LP, 202 Greenfield General, LLC, 535 Stiegel Valley Road, LLC, Doe Run Road, LLC, OL Partners, LLC, G-Force Sportfishing, Inc., JSB Retention, LLC, Lyons & Obetz and JW Bishop Properties, LLC object to the Trustee's Motion to Enforce Settlement Agreement which includes a full policy release of the Worley & Obetz Directors & Officers Insurance Policy issued by USLI which the Obetz Family Defendants did not negotiate at the May 29, 2020 mediation, did not consent to as is their contractual right under the policy, which is not in their reasonably best interests, and for which there is no actual value to the financial outcome of the recovery by the Trustee in this case.

Respectfully Submitted,


By:   /s/ John D. Shea
      John D. Shea, Esquire
      Freeman Mathis & Gary, LLP
      3 Executive Campus, Suite 150
      Cherry Hill, NJ 08002
      (215)264-4754
      jshea@fmglaw.com
      PA License 74627
      Counsel for Robert Seth Obetz, Melissa Obetz, Robert W. Obetz, Jr. and Marjorie Obetz


By:   /s/ Jeffrey Kurtzman
      Jeffrey Kurtzman, Esquire
      Kurtzman Steady, LLC
      410 S. 2nd Street, Suite 200
      Philadelphia, PA 19147
      (215)883-1600
      kurtzman@kurtzmansteady.com
      Counsel for Molly S. Obetz, Samuel J. Obetz, Howard W. Cramer, Jr. Kathleen Cramer, 149 Does Run Rd., LP, 149 Doe Run Rd., GP, LLC, 202 Greenfield, LP, 202 Greenfield

General, LLC, 535 Stiegel Valley Road, LLC, Doe Run Road, LLC G-Force Sportfishing, Inc., and JW Bishop Properties, LLC

Date: August 20, 2020

## **CERTIFICATION OF FILING AND ELECTRONIC SERVICE**

I, John D. Shea, Esquire, do hereby certify that the foregoing Opposition to the Trustee's Motion to Enforce and Approve Settlement was filed electronically with the Court this 20th day of August, 2020, and that all parties obtaining electronic notice through the Court shall so receive service and notice of the same.

John D. Shea, Esquire

Date: August 20, 2020