# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>WORLEY & OBETZ, INC., *et al.*,<br><br>Debtors. | CHAPTER 7<br><br>Case No. 18-13774 (REF)<br>(Jointly Administered) |
| **CHRISTINE C. SHUBERT,** Chapter 7 Trustee for the Estates of Worley & Obetz, Inc., *et al.*;<br><br>Plaintiff,<br><br>vs.<br><br>**ROBERT SETH OBETZ**, *et al.*;<br><br>Defendants. | Adv. No. 18-00235 (REF) |

## ORDER

**AND NOW**, this _____ day of _____ 2020, upon consideration of the Motion *in Limine* to Preclude Testimony Concerning Statements Made at the May 29, 2020 Mediation Relating to the Trustee's Motion to Enforce Settlement Between the Trustee and the Remaining Defendants (the "Motion") filed by Defendants, Robert Seth Obetz, Melissa Obetz, Robert W. Obetz, Jr., Marjorie S. Obetz, Molly S. Obetz, Samuel J. Obetz, Howard W. Cramer, Jr., Kathleen Cramer, 149 Doe Run Rd., 149 Doe Run Rd., LP, 149 Doe Run Rd., GP, LLC, 202 Greenfield, LP, 202 Greenfield General, LLC, 535 Stiegel Valley Road, LLC, Doe Run Road, LLC, G-Force Sportfishing, Inc., and JW Bishop Properties, LLC, and the Answer in opposition thereto filed by Plaintiff, Christine C. Shubert, Chapter 7 Trustee for the Estates of Worley & Obetz, Inc., *et al.*, it is hereby **ORDERED** that the Motion is **DENIED.**

Dated: _____    _____
THE HONORABLE MAGDELINE D. COLEMAN
CHIEF UNITED STATES BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>WORLEY & OBETZ, INC., *et al.*,<br><br>Debtors. | CHAPTER 7<br><br>Case No. 18-13774 (REF)<br>(Jointly Administered) |
| **CHRISTINE C. SHUBERT,** Chapter 7 Trustee for the Estates of Worley & Obetz, Inc., *et al.*;<br><br>Plaintiff,<br><br>vs.<br><br>**ROBERT SETH OBETZ**, *et al*.;<br><br>Defendants. | Adv. No. 18-00235 (REF) |

**CHAPTER 7 TRUSTEE'S ANSWER TO CERTAIN DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE TESTIMONY CONCERNING STATEMENTS MADE AT THE MAY 29, 2020 MEDIATION RELATING TO THE TRUSTEE'S MOTION TO ENFORCE SETTLEMENTS BETWEEN THE TRUSTEE AND THE REMAINING DEFENDANTS**

Plaintiff, Christine C. Shubert, Chapter 7 Trustee (the "Trustee") for the jointly administered estates of Worley & Obetz, Inc., *et al.* (the "Debtors"), hereby submits her Answer to the Motion *in Limine* to Preclude Testimony Concerning Statements Made at the May 29, 2020 Mediation Relating to the Trustee's Motion to Enforce Settlement Between the Trustee and the Remaining Defendants (the "Motion") filed by Defendants, Robert Seth Obetz, Melissa Obetz, Robert W. Obetz, Jr., Marjorie S. Obetz, Molly S. Obetz, Samuel J. Obetz, Howard W. Cramer, Jr., Kathleen Cramer, 149 Doe Run Rd., LP, 149 Doe Run Rd., GP, LLC, 202 Greenfield, LP, 202 Greenfield General, LLC, 535 Stiegel Valley Road, LLC, Doe Run Road, LLC, G-Force Sportfishing, Inc., and JW Bishop Properties, LLC (together, "Moving Defendants").

114812851

For the reasons set forth herein, the Trustee respectfully requests that the Court deny the Motion because it is procedurally improper and untimely. Additionally, the Motion is substantively meritless because the mediation privilege and the attorney-client privilege do not apply to the exhibits and witness testimony that the Trustee intends to proffer at the hearing scheduled for this Monday, October 5, 2020.

**I.    RELEVANT FACTS**

As set forth in the Trustee's Motion to Enforce and Approve Settlement Agreement (the "Motion to Enforce"), on May 29, 2020, at the conclusion of a mediation (the "Mediation") conducted by Peter Woodin, Esquire (the "Mediator"), the Trustee and the Moving Defendants entered into a binding settlement agreement that resolved all of the remaining claims at issue in this adversary action. The Moving Defendants subsequently breached the terms of the settlement by failing and refusing to issue policy releases to USLI and Travelers.

As a result, on July 30, 2020, the Trustee filed the Motion to Enforce and served the Moving Defendants, and all other interested parties, with notice as required by the Federal Rules of Bankruptcy Procedure. In support of the Motion to Enforce, the Trustee attached seven (7) exhibits, including a copy of the Settlement Agreement and communications exchanged between counsel well after the Mediation concluded.

The Moving Defendants did not seek to strike the Motion to Enforce from the record due to the mediation privilege or any other applicable privilege. Instead, on August 20, 2020, the Moving Defendants filed their Answer to the Motion to Enforce. [Dkt. No. 238].

On September 8, 2020, the Court entered an Order governing the procedures to be used at the hearing on the Motion to Enforce, which was scheduled for September 25, 2020 (the "Hearing"). Pursuant to the Court's September 8th Order, on September 15, 2020, the Trustee's counsel emailed John J. Shea, Esquire ("Attorney Shea"), counsel for the Moving Defendants,

3

advising that the Trustee intended to call Attorney Shea and Robert Seth Obetz ("Seth Obetz") as witnesses at the Hearing. [See Email from Danielle E. Ryan, Esquire dated September 15, 2020, attached as Exhibit A]. The Trustee's counsel asked Attorney Shea to identify the locations from where he and Seth Obetz intended to testify, and whether any other persons would be located in same room(s) during their testimonies. [Id.]. Attorney Shea did not respond to counsel's email.

On September 18, 2020, the Trustee filed and served her Witness and Exhibit List pursuant to the Court's September 8th Order. [See Dkt. No. 249]. The Trustee attached copies of the nine (9) exhibits she intended to use at the Hearing – seven (7) of which were previously served on Moving Defendants as attachments to the Motion to Enforce. [See P1-P9 (also attached to the Motion to Enforce as Exhibit A-G)]. The same day, Attorney Shea, on behalf of the Moving Defendants, served the Moving Defendants' Exhibit List, which included communications exchanged between counsel prior to the Mediation discussing the purpose and terms of the Mediation.[1]

The Hearing was postponed from September 25, 2020 to its currently scheduled date of October 5, 2020. Despite having weeks' notice of the subject matter of the Motion to Enforce, and the exhibits and witnesses that the Trustee intends to introduce at the Hearing, Moving Defendants did not file their current Motion *in Limine* until October 1, 2020, just two business days prior to the Hearing. Moving Defendants did not provide the Trustee with any advance notice of their objections to her Witness and Exhibit List nor of their intent to file their current Motion *in Limine*.

---

[1] Moving Defendants did not file their Exhibit List as required pursuant to the Court's September 8th Order.

## II. ARGUMENT

The Court should deny the Motion because it is (1) procedurally improper and untimely, and (2) substantively meritless, as neither the mediation privilege nor the attorney-client privilege are at issue here.

### A. The Motion Is Procedurally Improper And Untimely.

Pursuant to Federal Rule of Bankruptcy Procedure 9006(d), a motion must be filed not later than seven days before the hearing date, unless the moving party files an application to file the motion on an expedited basis. Id.; see also Fed. R. Bkr. P. 9013 (requiring that every motion be served within the time determined under Rule 9006(d)); Local Rule 5070-1 (requiring the movant to obtain a hearing date from the Court's calendar before filing the pleading, and that such hearing date must provide adequate time for the movant to complete service and notice under Rule 9006(d)).

Here, on July 30, 2020, the Trustee served Moving Defendants with a copy of the Motion to Enforce. Additionally, on September 18, 2020, the Trustee served Moving Defendants with a copy of all of the exhibits that she intends to introduce at the Hearing, and the witnesses that she intends to call. Moving Defendants had several weeks to raise their objections to the Trustee's Witness and Exhibit List and to raise their alleged concerns regarding the applicability of the mediation and attorney-client privileges with the Court. Instead, in a last minute attempt to delay the Hearing, Moving Defendants manufactured an emergency by filing their Motion *in Limine* just two business days before the scheduled Hearing. Moving Defendants did not seek the Court's approval to file the Motion *in Limine* on an expedited basis and no reason for their doing so exists. Accordingly, the Trustee respectfully requests that the Court deny the Motion because it is procedurally improper.

5

**B.    The Motion Is Substantively Meritless Because Neither The Mediation Privilege Nor The Attorney-Client Privilege Preclude Evidence Of The Settlement Agreement.**

The Court should deny the Motion on substantive grounds because (1) Pennsylvania's mediation privilege does not apply to any of the exhibits or testimony that the Trustee intends to introduce at the Hearing, and (2) the attorney-client privilege does not preclude Attorney Shea or Seth Obetz from testifying with respect to statements and communications that they shared with third parties – which is the only line of inquiry that the Trustee intends to proffer at the Hearing.

**1.    The Mediation Privilege Does Not Apply Here.**

Pennsylvania's mediation privilege unambiguously protects "disclosure of mediation communications and mediation documents." 42 Pa. C.S.A. § 5949 (a) This statute defines a "mediation communication" as a "communication made by ... a party, mediator, mediation program or any other person present to further the mediation process **when the communication occurs during a mediation session or outside a session when made to or by the mediator or mediation program**." 42 Pa. C.S.A. § 5949(c) (emphasis added). The statute defines a "mediation document" as "[w]ritten material, including copies, prepared for the purpose of, **in the course of[,] or pursuant to mediation**." Id. (emphasis added).

Courts applying Pennsylvania's mediation privilege have consistently held that the privilege applies only to documents and communications made and shared *during the mediation*:

> The mediation privilege codified in 42 Pa. Cons. Stat. Ann. § 5949, however, is limited to communications "by, between or among" the mediator, parties and participants made during the mediation session, or communications made to the mediator or from the mediator outside a session. ***Thus, "discussions among parties outside the presence of the mediator and not occurring at a mediation proceeding are not privileged.*** Where the mediator has no direct involvement in the discussions and where the discussions were not designated by the parties to be a part of an ongoing mediation process, the rationale underlying the mediation privilege (i.e., that confidentiality will make the mediation more effective) is not implicated."

6

Golon, Inc. v. Selective Ins. Co. of the Se., No. 17 CV 0819, 2017 WL 6059680, at *5 (W.D. Pa. Dec. 7, 2017) (citing Dietz & Watson v. Liberty Mutual Ins. Co., No. 14-4082, 2015 WL 356949 (E.D. Pa. 2015)).

Additionally, Pennsylvania's mediation privilege explicitly excludes settlement agreements, and states that "a settlement document may be introduced in an action or proceeding to enforce the settlement agreement expressed in the document." 42 Pa. C.S. § 5949(a); See, e.g., Nationwide Life Ins. Co. v. Franklin Mills Assocs. Ltd. Partnership, No. 13-0038, 2017 WL 1196633, at *9 n. 2 (E.D. Pa. Mar. 31, 2017) (holding mediation privilege did not bar evidence of existence and terms of settlement agreement reached at mediation, in action seeking to enforce settlement agreement) (citing Bank of Am. Nat. Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 345 (3d Cir. 1986) ("Having undertaken to utilize the judicial process to interpret the settlement and to enforce it, the parties are no longer entitled to invoke the confidentiality ordinarily accorded settlement agreements."); Aetna, Inc. v. Lexington Ins. Co., 76 Pa. D. & C. 4th 19 (Pa. Ct. Com. Pl. 2005) (applying the reasoning of Bank of America National Trust & Savings Association in finding that "the confidentiality of the mediation process, as set out in 42 Pa. C.S.A. § 5949," is not violated when courts "consider communications related to [ ] mediation in order to ascertain the parties' intent with regard to [a] Settlement Agreement")).

Here, the exhibits that the Trustee intends to use at the Hearing do not qualify as "mediation communications" or "mediation documents" because they were not created or shared *during* the Mediation or with the Mediator. To the contrary, P1-P7 all include communications exchanged between counsel, which were sent over one month after the Mediation concluded on May 29, 2020. The mediation privilege in no way applies to P8, which is an email dated August

7

10, 2020 that Seth Obetz sent to Tom Beane (the Court-appointed rent receiver), in which Seth Obetz acknowledges the existence and the terms of the Settlement Agreement with Mr. Beane.

P9 is a full copy of the email chain that the Moving Defendants identified as their Exhibit 4, which merely addresses who would be attending the Mediation.  It does not reflect mediation communications that occurred during the Mediation.  Even if, however, the mediation privilege applied to P9, Moving Defendants waived the privilege by identifying the email communications as an exhibit that they intend to use at the Hearing.  See Bank of Am. Nat. Trust & Sav. Ass'n, 800 F.2d at 345.

Finally, the Trustee has no intention of eliciting testimony from any witnesses at the Hearing that may reveal statements that were made during the course of the Mediation or to the Mediator by any of the parties that were present at the Mediation.  As reflected in the Trustee's Witness and Exhibit List, the Trustee intends to question the witnesses with respect to the terms of the Settlement Agreement.  If the mediation privilege applied to this line of inquiry, no mediation participant would ever be able to enforce a settlement reached through mediation, which would defeat "the strong public policy favoring the settlement of disputes and avoidance of costly and time-consuming litigation."  In re Johnson, No. 02-34686-SR, 2004 WL 5856051, at *5–6 (Bankr. E.D. Pa. Dec. 2, 2004) ("[A] trial court has jurisdiction to enforce a settlement agreement made by litigants in a pending case.  This jurisdiction is founded on the strong public policy favoring the settlement of disputes and avoidance of costly and time consuming litigation." ).  Accordingly, the Court should deny the Motion because the mediation privilege does not preclude any of the Trustee's potential exhibits or witness testimony.

### 2. The Attorney-Client Privilege Does Not Preclude Attorney Shea Or Seth Obetz From Testifying.

Moving Defendants' assertion of the attorney-client privilege with respect to Attorney Shea and Seth Obetz's anticipated testimony at the Hearing is premature and meritless.

The fact that a proposed witness is an attorney for one of the parties in the case "is clearly not enough, by itself, to justify granting in full [a] motion for a protective order" precluding the attorney from testifying. See U.S. v. Education Mgmt. LLC, No. 2:07-v-00461, 2014 WL 12788187, at *2 (W.D. Pa. Feb. 10, 2014). Additionally, a party cannot assert a claim of privilege with respect to his attorney's testimony "unless and until [the opposing parties] actually ask a question" that "intrudes upon…any…alleged applicable privilege." Id. at *4 (citing E.E.O.C. v. LifeCare Management Services, LLC, 2009 WL 772834 at *2 (W.D. Pa. Mar. 17, 2009)).

Here, the Trustee does not intend to ask any questions at the Hearing that may intrude upon the attorney-client privilege between Attorney Shea and Seth Obetz. The only testimony that may be proffered by these witnesses relates to statements and communications that they shared with others, not with each other. [See P1-P8 (consisting of communications between Attorney Shea and counsel for the Trustee and other Defendants); P9 (Email from Seth Obetz to Court-appointed rent receiver acknowledging the existence of the Settlement Agreement and discussing its terms)]. The attorney-client privilege simply does not apply to these communications or any testimony relating to these communications.

Additionally, the proper method for Moving Defendants to assert the attorney-client privilege is by raising an objection in response to specific questions asked by counsel at the Hearing. See Education Mgmt. LLC, 2014 WL 12788187, at *2. The Trustee, therefore,

9

respectfully requests that the Court deny the Motion because Moving Defendants' assertion of the attorney-client privilege is unfounded and premature.

### III. CONCLUSION

For all of the foregoing reasons, the Trustee respectfully requests that the Court deny the Motion.

          Respectfully submitted,

          **FOX ROTHSCHILD LLP**

          By: */s/ Michael G. Menkowitz*
          Michael G. Menkowitz, Esquire
          Craig A. Styer, Esquire
          2000 Market Street, Twentieth Floor
          Philadelphia, PA 19103-3222
          Phone (215) 299-2000/Fax (215) 299-2150
          mmenkowitz@foxrothschild.com
          cstyer@foxrothschild.com

          *Attorneys for Christine C. Shubert, Chapter 7 Trustee for the Estates of Worley & Obetz, Inc., et al.*

Dated: October 2, 2020

114812851

# EXHIBIT A

114812851

# Ryan, Danielle

| | |
|---|---|
| **From:** | Ryan, Danielle <DRyan@foxrothschild.com> |
| **Sent:** | Tuesday, September 15, 2020 2:59 PM |
| **To:** | John D. Shea |
| **Cc:** | Styer, Craig A.; Menkowitz, Michael G.; Crothers, Valerie |
| **Subject:** | W&O - Hearing on Motion to Approve and Enforce Settlement Agreement |
| **Attachments:** | 114026734_1_W&O (18-235) - Order Governing Procedures at Evidentiary Hearing-C2.PDF |

Jack:

We intend to call you and Seth at the hearing on the Motion to Approve and Enforce the Settlement Agreement scheduled for September 25, 2020 at 10:30 a.m.

Pursuant to the attached Order, please provide the following information as soon as possible:

- Please identify where you and Mr. Obetz will testify (e.g., home, office, etc.)
- Please let me know if any other person(s) will be in the room(s) with you and Mr. Obetz during your respective testimonies and if so, who (name, time and the other person(s)' relationship to the witness), and the purpose of the other person(s)' presence.

Thank you,

Dani

**Danielle Ryan**
Associate
**Fox Rothschild LLP**
747 Constitution Drive
Suite 100
Exton, PA 19341-0673
(610) 458-1410 - direct
(610) 458-7337 - fax
DRyan@foxrothschild.com
www.foxrothschild.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re<br><br>WORLEY & OBETZ, INC., *et al.*,<br><br>Debtors. | CHAPTER 7<br><br>Case No. 18-13774 (MDC)<br>(Jointly Administered) |
| **CHRISTINE C. SHUBERT,** Chapter 7 Trustee for the Estates of Worley & Obetz, Inc., *et al.*;<br><br>Plaintiff,<br><br>vs.<br><br>**ROBERT SETH OBETZ**, *et al.*;<br><br>Defendants. | Adv. No. 18-00235 (MDC) |

## CERTIFICATION OF SERVICE

DANIELLE E. RYAN, of full age, hereby certifies as follows:

1. I am an attorney with the law firm of Fox Rothschild LLP, attorneys for Christine C. Shubert, the Chapter 7 Trustee in the above captioned proceedings.

2. On October 2, 2020, true and correct copies of the *Chapter 7 Trustee's Answer to Certain Defendants' Motion in Limine to Preclude Testimony Concerning Statements Made at the May 29, 2020 Mediation Relating to the Trustee's Motion to Enforce Settlements Between the Trustee and the Remaining Defendants* were served *via* Electronic Mail (ECF) on the parties listed on the attached **Service List.**

3. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                                         */s/ Danielle E. Ryan*
                                                         Danielle E. Ryan, Esquire
                                                         Dated: October 2, 2020

114812851

## SERVICE LIST

Jamie L. Augustinsky, Esq.
Kaufman Dolowich & Voluck LLP
1777 Sentry Park West
VEVA 17, Suite 100
Blue Bell, PA 19422

*Via Electronic Mail*
jaugustinsky@kdvlaw.com

Michael G. Menkowitz, Esq.
Jason C. Manfrey, Esq.
Jesse M. Harris, Esq.
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103

*Via Electronic Mail*
mmenkowitz@foxrothschild.com
jmanfrey@foxrothschild.com
jharris@foxrothschild.com

Brenna H. Mendelsohn
Mendelsohn & Mendelsohn, PC
637 Walnut Street
Reading, PA 19601

*Via Electronic Mail*
tobykmendelsohn@comcast.net

John D. Shea
Litchfield Cavo LLP
457 Haddonfield Road
Suite 200
Cherry Hill, NJ 08002

*Via Electronic Mail*
shea@litchfieldcavo.com
jshea@fmglaw.com

Craig A. Styer, Esq.
Fox Rothschild LLP
747 Constitution Drive
Suite 100
Exton, PA 19341

*Via Electronic Mail*
cstyer@foxrothschild.com

Matthew S Bleacher
Nikolaus & Hohenadel, LLP
212 North Queen Street
Lancaster, PA 17603

*Via Electronic Mail*
mbleacher@n-hlaw.com

Jeffrey Kurtzman, Esq.
Kurtzman Steady, LLC
401 S. 2nd St, Ste 200
Philadelphia, PA 19147

*Via Electronic Mail*
Kurtzman@kurtzmansteady.com

William R.A. Rush
Rush Law Group
38 N. 6th Street
P.O. Box 0758
Reading, PA 19601

*Via Electronic Mail*
wrush@rushlawberks.com

Barry A. Solodky, Esq.
Saxton & Stump
280 Granite Run Drive
Suite 300
Lancaster, PA 17601

*Via Electronic Mail*
bso@saxtonstump.com

Christine C. Shubert, Esq.
Ch. 7 Trustee
821 Wesley Avenue
Ocean City, NJ 08226

*Via Electronic Mail*
Christine.shubert@comcast.net

David Grant Crooks, Esq.
Fox Rothschild LLP
Two Lincoln Centre
5420 Lyndon B. Johnson Freeway
Suite 1200
Dallas, TX 75240

*Via Electronic Mail*
dcrooks@foxrothschild.com

Kevin J. Mangan, Esq.
Womble Bond Dickinson LLP
1313 N. Market St, Ste 1200
Wilmington, DE 19801

*Via Electronic Mail*
Kevin.mangan@wbd-us.com

Gary F. Seitz, Esq.
Gellert Scali Busenkell & Brown, LLC
The Curtis Center
601 Walnut Street, Suite 750-W
Philadelphia, PA 19106

*Via Electronic Mail*
gseitz@gsbblaw.com
gfs@trustesolutions.net

Scott P. Stedjan
Killian & Gephart, LLP
218 Pine St.
P.O. Box 886
Harrisburg, PA 17108-0886

*Via Electronic Mail*
sstedjan@killiangephart.com

Christopher J. Tellner
Kaufman Dolowich & Voluck
VEVA 17
1777 Sentry Parkway West
Suite 100
Blue Bell, PA 19422

*Via Electronic Mail*
ctellner@kdvlaw.com

114812851

Nicholas T. Verna, Esq.
Womble Bond Dickinson LLP
1313 N. Market St, Ste 1200
Wilmington, DE 19801

*Via Electronic Mail*
Nick.verna@wbd-us.com

14

114812851