**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re<br><br>WORLEY & OBETZ, INC., *et al.*,<br><br>　　　　　　　Debtors. | CHAPTER 7<br><br>Case No. 18-13774 (MDC)<br>(Jointly Administered) |
| **CHRISTINE C. SHUBERT,** Chapter 7 Trustee for the Estates of Worley & Obetz, Inc., *et al.*;<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>**ROBERT SETH OBETZ**, *et al.*,<br><br>　　　　　　　Defendants. | Adv. No. 18-00235 (MDC) |

**MOTION FOR ENTRY OF CONSENT ORDER**
**AMENDING ORDER APPOINTING RENT RECEIVER [A.D.I. 162]**

Plaintiff Christine C. Shubert (the "Trustee" or "Plaintiff"), Chapter 7 Trustee for the jointly-administered estates of Worley & Obetz, Inc., *et al.* (collectively, the "Debtors"), by and through her counsel, Fox Rothschild LLP, requests entry of the Consent Order Amending Order Appointing Rent Receiver attached hereto as **Exhibit "A"** (the "Consent Order"), thereby amending this Court's Receiver Order (as defined below) as more fully set forth therein. In support, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1.　　The Court (the "Bankruptcy Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

2.　　Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

1

116736969.v2

3. The statutory predicates for the relief requested herein are Fed. R. Bankr. P. 7064, 11 U.S.C. § 105(a), and the Pennsylvania Uniform Voidable Transactions Act ("PUVTA"), 12 Pa. C.S.A. §§ 5101, et seq.

## FACTUAL BACKGROUND

4. On June 6, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

5. On June 6, 2018, the Office of the United States Trustee appointed Christine C. Shubert as Chapter 7 Trustee of the Debtors' estates, which appointment remains in effect.

6. By Order entered on June 19, 2018, this Court consolidated the Debtors' cases, for procedural purposes only, and ordered the joint administration of the Debtors' cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 under *In re Worley & Obetz, Inc., et al.*, Case No. 18-13774 (REF) [D.I. 75].

7. On December 6, 2018, Plaintiff filed and Amended Complaint in the above-captioned adversary action against, among other defendants, Robert Seth Obetz, Robert W. Obetz, Jr., Jeffrey B. Lyons, Marjorie S. Obetz, Melissa Obetz, 149 Doe Run Road, LP, 149 Doe Run Road, GP, LLC, 202 Greenfield, LP, 202 Greenfield General, LLC, Doe Run Road, LLC, and Lyons & Obetz (collectively, the "Defendants")[1] [See Amended Complaint, at A.D.I. 30].

8. Among other things, the Amended Complaint includes counts for the turnover of the following real properties (each, a "Property", and collectively, the "Properties", and excluding

---

[1] Defendants, Molly S. Obetz, Samuel J. Obetz, Judith A. Avilez, Karen L. Connelly, Julie Lyons, Howard W. Cramer, Jr., Kathleen A. Cramer, Michele K. Klusewitz, a/k/a Michele Kelly, 535 Stiegel Valley Road, LLC, OL Partners, LLC, G-Force Sportfishing, Inc., JW Bishop Properties, LLC, and JSB Retention, LLC, have no interest in the real properties identified in this Motion.

2

116736969.v2

45 Doe Run Road (as defined herein), the "Mortgaged Properties"), which certain Defendants leased to non-debtor commercial tenants prior to the Petition Date:

| Property | Current Record Owner of Property |
| --- | --- |
| 41 Doe Run Road, Manheim, PA 17545 | Lyons & Obetz |
| 45 Doe Run Road, Manheim, PA 17545 ("45 Doe Run Road") | Doe Run Road LLC |
| 55 Doe Run Road, Manheim, PA 17545 | Lyons & Obetz |
| 62 Doe Run Road, Manheim, PA 17545 | Doe Run Road LLC |
| 149 Doe Run Road, Manheim, PA 17545 | 149 Doe Run Road, LP |
| 202 Greenfield Road, Lancaster, PA 17601 | 202 Greenfield, LP |

9. Except for the property located at 45 Doe Run Road, Fulton Bank, N.A. (the "Bank") has first priority liens on the Properties pursuant to certain prepetition mortgage loans (the "Mortgages").

10. On August 28, 2019, this Court entered an *Order Appointing Rent Receiver* [A.D.I. 162], as clarified by that certain *Consent Order Clarifying Order Appointing Rent Receiver* [A.D.I. 184] (together, the "Receiver Order").  Pursuant to the Receiver Order, this Court appointed Thomas J. Beane of Beane Associates, Inc. as the rent receiver (the "Receiver") to, among other things, manage the rent collection and payment of expenses for the Properties.

11. Over one year later, on October 28, 2020, the Trustee filed a *Motion for an Order Approving Settlement Agreement By and Among the Chapter 7 Trustee and Defendants* (the "9019 Motion") [A.D.I. 258], therein requesting approval of that certain Settlement Agreement attached to the 9019 Motion as Exhibit "A" (the "Settlement Agreement").

3

116736969.v2

12. Under the terms of the Settlement Agreement, Defendants are transferring record title of the Properties (the "Transfer") to Plaintiff.

13. In accordance with the terms of the Receiver Order, Defendants and Plaintiff have requested that the Bank, holder of the Mortgages on the Mortgaged Properties, consent to the Transfer.

14. The Bank is willing to consent to the Transfer under the terms and conditions of the Consent Order. In sum, the Consent Order achieves two primary and mutually beneficial goals: (1) maintain the Receiver's role until Plaintiff liquidates the Properties, which, under the terms of the Receiver Order, would otherwise terminate upon the Transfer; and (2) provide a minimum recovery for the Debtors' estates through the proposed Carve-Out (as defined therein) in the event the equity in a particular Property does not ultimately exceed the applicable Mortgage.

15. On December 2, 2020, the Court held a hearing on the 9019 Motion where the Court orally approved the Settlement Agreement, which will become final and non-appealable on or about December 16, 2020.

16. Accordingly, Plaintiff seeks entry of the Consent Order.

**RELIEF REQUESTED**

17. Plaintiff respectfully requests that the Court enter the Consent Order, and granting such other and further relief as the Court deems appropriate.

**BASIS FOR RELIEF**

18. In adversary proceedings within a bankruptcy case where the defendant is not the debtor or the trustee, Federal Rule of Bankruptcy Procedure 7064 and 11 U.S.C. § 105(a) permit a bankruptcy court to award a plaintiff whatever prejudgment remedies are available under state law, including the appointment of a receiver. See In re Teknek, LLC, 343 B.R. 850, 873 (N.D. Ill.

2006) (citing In re Memorial Estates, 797 F.2d 516, 519-20 (7th Cir. 1986) (holding bankruptcy court had authority to appoint receiver to administer mortgaged property of debtor at request of mortgagee); In re Schlien, 178 B.R. 82 (Bankr. E.D Pa. 1995) ("[G]enerally, the appointment of a receiver is a remedy which lies within the ambit of the Court's authority, particularly where, as here, the threat of asset dissipation is raised."); see also In re Cassidy Land and Cattle Co., Inc., 836 F.2d 1130 (8th Cir. 1988) (holding bankruptcy court had authority to appoint receiver in adversary proceeding brought by bankruptcy trustee to foreclose mortgage, for limited purpose of administering mortgaged property pending disposition of foreclosure proceeding); Fleet Business Credit, L.L.C. v. Wings Restaurants, Inc., 291 B.R. 550 (N.D. Okla. 2009) (holding bankruptcy court had authority to appoint receiver even in absence of any misconduct in order to prevent dissipation of rents in which creditor had security interest).

19. Under PUVTA, a creditor may likewise obtain: (1) an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property; (2) appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or (3) any other relief the circumstances may require. See 12 Pa. C.S.A. § 5107(a)(3).

20. Here, the Bankruptcy Court should approve the Consent Order to ensure that all applicable rents are collected and that all applicable expenses relating to the Properties are timely paid until Plaintiff liquidates the Properties. Doing so will maintain and maximize the value of the Properties, which will benefit all of the Debtors' creditors. Additionally, the Consent Order provides a mechanism (i.e., the Carve-Out) that will ensure a meaningful recovery by the Debtors' estates in the event the equity in a particular property is insufficient to satisfy the applicable Mortgage. Thus, the Consent Order is in the best interests of the Debtors' estates and should be approved.

21.  The other defendants, including Judith A. Avilez, Karen L. Connelly, Julie Lyons, Howard W. Cramer, Jr., Kathleen A. Cramer, Michele K. Klusewitz, a/k/a Michele Kelly, 535 Stiegel Valley Road, LLC, OL Partners, LLC, G-Force Sportfishing, Inc., JW Bishop Properties, LLC, and JSB Retention, LLC have no interest in the Properties and, therefore, will not be prejudiced by the continued appointment of the Receiver with respect to the Properties.

## NOTICE

22.  Notice of this Motion will be provided to: (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) counsel for the Debtors; (iii) counsel for Fulton Bank; (iv) counsel for the Receiver; (v) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002; and (vi) in accordance with this Court's August 1, 2018 *Order Pursuant to 11 U.S.C. §§ 102 and 105(a) and Fed. R. Bankr. P. 2002(m) and 9007 Establishing Notice and Service Procedures* [D.I. 265].

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter the Consent Order, and granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: */s/ Michael G. Menkowitz*
Michael G. Menkowitz, Esquire
Jesse M. Harris, Esquire
2000 Market Street, Twentieth Floor
Philadelphia, PA  19103-3222
Phone (215) 299-2000/Fax (215) 299-2150
mmenkowitz@foxrothschild.com
jesseharris@foxrothschild.com

*Attorneys for Christine C. Shubert, Chapter 7 Trustee for the estates of Worley & Obetz, Inc., et al.*

Dated:  December 2, 2020